HALL, Administrator, v. LETTS, Administrator.

1. Statute of limitations: LENDING OF MONEY. Upon a contract for the lending of money to be paid upon demand, the statute of limitations commences to run from the date of the lending.

*Appeal from Louisa District Court.*

FRIDAY, DECEMBER 28.

AN action to recover $700, money loaned, with twelve years interest thereon at six per cent. The statute of limitations is plead in bar of the recovery.

At the trial it was agreed that the jury might return a verdict under the evidence without regard to this defense,

leaving it for the determination of the court as a question of law, under the facts on a motion for a new trial.

The verdict was for the plaintiff.

On a motion for a new trial, the court held that the statute of limitations as a defense ought to prevail; the plaintiff, excepting, now asks us to review that decision.

*Richman & Carskadden*, with *Tracy* for the appellant.

*D. C. Cloud* for the appellee.

Lowe, Ch. J.—In disposing of the question whether the plaintiff's claim is barred, the first thing demanding

1. STATUTE OF LIMITATIONS: lending of money.

attention is the character of the transaction, when the debt was contracted and the consequent relation of the parties.

The debt was created in California, in the year 1850. It is claimed by the plaintiff, that the money which Ananias Simpkins, the decedent, obtained was a mere deposit (irregular, it may be, but still a deposit) to be returned on call, against which the statute could not run. Whilst the other party insists that it was a loan to draw interest, to be paid, to be sure, only on demand, but upon which the statute of limitations nevertheless operated.

We are inclined to hold that the petition, and the bill of particulars appended thereto, sufficiently determines the nature of the transaction, and shows the indebtedness to be a loan; if so, the plaintiff is concluded by his own statement. To specify, the account upon which the plaintiff sues is stated thus:

Estate of Ananias Simpkins, deceased, Dr.,
                                        To Thomas C. Studdons.

| | |
|---|---|
| For amount of money loaned and intrusted to care of said deceased, .................... | $700 00 |
| Interest for 12 years, at 6 per cent,.......... | 504 00 |
| | $1,204 00 |

The petition alleges, among other things, that in December, 1850, he intrusted to the care of and loaned to the said deceased, who was then in California and was about returning to Iowa, the sum of $700; that the deceased was to use said money and pay interest thereon, and return the same to said Thomas C. Studdons whenever called upon in Iowa.

From this statement, but one inference can fairly be drawn; which is, that the ordinary relation of creditor and debtor existed between the parties, growing out of a loan of money on interest obtained by one from the other. The circumstance that the money was not to be paid until a demand was made in Iowa does not have the effect to suspend the running of the statute of limitations. Chitty on Contracts, 920; 1 Har. & Gill, 439; 36 Barb., 467.

It may be remarked that an action accrues upon such a debt without a previous demand, and, indeed, none appears to have been made or alleged in this case.

                                        Affirmed.