## CHANDLER *vs.* CHANDLER.

1. Whether the prevailing party intended a gift to his creditor, or a payment by novation or substitution, is, after verdict, to be taken as he contended at the trial, and not as his adversary contended. A parol gift of an account on a third person is executory and revocable until the money or some part of it is paid; and notice to the debtor by account not to pay except to his own creditor, the donor, is a revocation.

2. An account which neither party considered due immediately, was due on demand, or on the expiration of a reasonable time, or at the time when the creditor understood it to be due, the debtor though a witness not testifying to a different understanding on his part. The statute of limitations does not run against an account until it is in fact due.

Contracts. Gifts. Account. Payment. Statute of limitations. Before Judge BARTLETT. Pike Superior Court. April Adjourned Term, 1878.

In March, 1877, John Chandler brought complaint against W. H. Chandler on an account for $160.00, besides interest, alleging that there were ten legatees equally interested in his father's estate; that they sold a lot of land, the property of said estate, to defendant for $1,600.00, to one-tenth of which, $160.00, the plaintiff is entitled; that defendant agreed to pay to him said sum of $160.00 for his interest in the same, but has since refused to do so.

The defendant pleaded as follows:

1. The general issue. 2. The limitation of four years. 3. That the money sued for is not due to the plaintiff, but is due, by agreement between the plaintiff, Mary Chandler and defendant, to the estate of the said Mary, deceased.

The facts developed by the testimony are sufficiently stated in the opinion.

The jury found for the plaintiff $160.00, with interest from December, 1874.

The defendant moved for a new trial upon the following grounds:

1. Because the verdict is contrary to law, contrary to the charge of the court, and without evidence to support it.

2. Because the verdict is contrary to the following charge: "If you believe from the evidence that more than four years had elapsed from the time the account sued for became due to the time of the filing the declaration in office, then this action is barred by the statute of limitations, and the plaintiff cannot recover, although you may believe the defendant owed the money sued for."

The motion was overruled, and defendant excepted.

HUNT & TAYLOR, for plaintiff in error.

J. F. REDDING, for defendant.

BLECKLEY, Justice.

1. Two brothers being by parol·contract debtor and creditor; and the latter being (perhaps) debtor to a sister, the brothers arranged among themselves, the sister not being present, that what the debtor-brother owed to the creditor-brother should be paid to the sister. Whether the money was intended as a gift to the sister was not declared. It does not appear that the creditor and the sister ever had any conversation on the subject, or that she ever canceled, released or relinquished any claim upon him or entered anything to his credit. The ·debtor informed her that he was to make payment to her, promised to do so, and asked for indulgence, which she granted. She died. After her death the creditor brought suit against the debtor on the original contract. On the trial, the plaintiff testified that in directing payment to be made to the sister, he intended only a gift to her; that he did not know that he owed her anything; and that after her death, the defendant reported to him that he had not paid her, whereupon, he instructed him to make payment to him, the plaintiff, and to no one else. The defendant testified that he paid certain physicians' bills for the treatment of the sister, and that he defrayed some of her

funeral expenses. He admitted that he owed her on his own account more than these sums amounted to, but intimated that his advances were not upon that, but upon the claim now in controversy. The jury found for the plaintiff. After a verdict in his favor, the plaintiff's testimony is to be the guide in deciding whether there was an extinguishment of his right in whole or in part, either by substitution or by payment. There was no extinguishment by substitution, for only a gift to the sister was intended; and if the sister was his creditor, she did not give, nor did he take, any credit on account of the transaction. The gift was by parol, and executory, and was therefore revocable so long as it remained unexecuted. The subsequent notice to the defendant to pay to the plaintiff was a revocation of his authority to consummate the gift, if the authority was not already at an end by reason of the sister's death. There was no extinguishment by payment, for the defendant's admission that he had not paid is now to be taken as true, since the jury must have believed it, even if he is to be understood as testifying differently at the trial. Moreover, payment was not pleaded, but the plea (itself sworn to) set up that the money sued for was due to the estate of the sister, not that it or any part of it had been paid.

2. The debt arose and the action accrued thus: One of the tenants in common in a tract of land bought out his cotenants, contracting with each severally to pay a specified sum for his undivided share. The purchase was made in the latter part of the year 1872, and his exclusive possession of the premises commenced in the following January. In March, 1877, the plaintiff below, one of the vendors, brought suit for the price at which his share was sold. The statute of limitations of four years was pleaded. The plaintiff testified at the trial that nothing was said respecting the time when the money was to be paid, but that his understanding was that half of it was to be paid in the fall of 1873, and the other half in the fall of 1874. He also testified that the defendant afterwards said to him that the purchase was not

a cash transaction.  The defendant gave evidence in his own behalf, but did not deny that he had made this statement, nor suggest that the plaintiff's understanding was incorrect, nor disclose what his own understanding was, nor testify to any time whatever as the one contemplated for the debt to mature.  The court charged the jury in terms satisfactory to both parties.  The evidence warranted a finding for the plaintiff, for it seems that neither party understood the debt to be payable immediately ; and if it was not, the jury, in view of all the circumstances, might have concluded that the plaintiff's understanding was known to and acquiesced in by the defendant, or if, otherwise, that the term of credit was left indefinite to await a demand, or the lapse of. a reasonable time.  Any of these theories would enable the jury to negative the plea of the statute, without doing violence to the evidence.

Judgment affirmed.