## PATTERSON, admr., *v.* BLANCHARD.

1. Although, as held by this court in *Isbell* v. *Blanchard*, 94 *Ga.* 678, a foreign administrator *de bonis non* could not be made a party plaintiff to an action brought in a court in this State by his predecessor in the trust, whose letters had abated, and thus keep that case in court, it does not follow that the original right of action was lost. While the particular action abated, the cause of action remained of force, and could be asserted in a new and independent suit by the administrator *de bonis non*.

2. The action being by an administrator for money deposited by his intestate, a non-resident of this State, with a partnership of which the defendant was the survivor, and based upon a "writing obligatory" acknowledging the receipt from the intestate, for her account, of a specified sum, and concluding with the words, "We are to allow you 8 pr. ct. on the amt.," but specifying no time for payment; and the declaration alleging that the intestate died in 1884 without having demanded payment of the sum so deposited, and that there had been no representation upon her estate until 1891, when for the first time her administrator demanded payment and the same was refused, it was error to dismiss the action upon the ground that the same was barred by the statute of limitations. There was no liability to pay until after demand; and consequently the

statute of limitations did not begin to run in favor of the debtor until after demand had been duly made and payment refused. June 1, 1896. By two Justices. Argued at the last term.

Equitable petition. Before Judge Butt. Muscogee superior court. May term, 1895.

*L. F. Garrard, T. Y. Crawford, Goetchius & Chappell* and *Blandford & Grimes*, for plaintiff. *Brannon, Hatcher & Martin* and *Little & Little,* for defendant.

LUMPKIN, Justice.

The foregoing *syllabus* renders the nature of this case sufficiently apparent.

1. There is nothing in the decision pronounced by this court in the case of *Isbell* v. *Blanchard*, above cited, which could fairly be construed into a holding that the cause of action set out in Isbell's declaration was lost. Following the case there cited, we simply held that when his letters of administration abated, his successor in the trust (he being, as Isbell was, a foreign administrator) could not be substituted for him as a party plaintiff so as to keep that action in court. We surely did not intend to rule in that case that a foreign administrator of Mrs. Orr could not institute an original and independent suit in a court of this State upon the identical cause of action set forth in the declaration with which we were then dealing. And no reason occurs to us why such new action cannot be brought, and, if meritorious, maintained. In the absence of administration in this State upon the estate of a person who was domiciled in another State and died there, his executor or administrator, appointed in the foreign State, "may institute his suit in any court in this State to enforce any right of action, or recover any property belonging to the deceased, or accruing to his representative as such." Code, §2614.

2. The receipt given by Blanchard & Burrus to Mrs. Orr in her lifetime, and upon which the present action was brought against Blanchard as survivor, specified no time

for repaying to her the money which she deposited with them; and we are therefore of the opinion that they were not liable to pay her except on demand. This being so, the statute of limitations would not commence to run in their favor until after due demand and refusal to pay. Applied to a bank, the correctness of this doctrine was recognized by this court in *Munnerlyn* v. *Augusta Savings Bank*, 88 *Ga.* 333, and is also distinctly stated in 1 Wood on Limitations, §142. We are unable to perceive why there should be any difference, so far as the running of the statute of limitations is concerned, whether the deposit be placed in bank or with an individual. In this connection, see Sullivan *v.* Fosdick, 10 Hun, 173. In that case, it was held that: "Where money is deposited with any individual, not a banker, trustee or agent, upon an agreement that he shall pay interest thereon, and that the same shall not be withdrawn except by drafts payable thirty days after sight, no presumption of payment arises, nor will the statute of limitations run against the debt, until it is shown that drafts drawn against the said person, in pursuance of the agreement, have been presented and dishonored."

The declaration filed in the present case alleges that Mrs. Orr died in 1884 without ever having demanded repayment of her money which had been deposited with Blanchard & Burrus, and that her estate was unrepresented until 1891, when for the first time her administrator demanded payment and the same was refused. The present action was begun February 9, 1895, which was, of course, within less than six years after such demand and refusal. It was therefore error to dismiss the plaintiff's action on the ground that it was barred by the statute of limitations.

*Judgment reversed.*