## SMALL *v.* COHEN.

1. Where the case made by a plaintiff's petition was, that he either purchased outright from the defendant a promissory note, or at least acquired title thereto as collateral security for another indebtedness, that he took the note because of a false and fraudulent representation by the defendant that the same was a genuine and valid instrument, that on the contrary it was a forged and valueless paper, that for this reason he had been compelled to abandon and dismiss an action brought by him thereon, and that because of these facts he had been injured and damaged; and where the evidence for the plaintiff was sufficient to establish these allegations, but at the same time showed that the plaintiff's right of action was barred by the statute of limitations, because the suit had not been brought within four years from the time the right of action accrued, he was not, as against this defense properly presented, entitled to a verdict.

2. The foregoing is true notwithstanding the plaintiff's contentions that he had never acquired title to the note, that the action was really for damages he had sustained in being deprived of money by fraud and deceit· on the part of the defendant, and that suit had been duly brought after the discovery of the fraud; and notwithstanding the fact that, in support of these contentions, there was some evidence tending to show that the plaintiff had never purchased or owned the note at all. The cause of action set forth in the declaration was for a breach of a covenant of warranty in the sale of the note, and the evidence last referred to was inconsistent with the allegations of the petition.

3. Where in such a case the defendant, instead of filing a plea of the statute

of limitations as he should have done, moved for a nonsuit, this was not the proper practice. Inasmuch, however, as the point that the defendant did not avail himself of the proper remedy was not distinctly made in the record or presented here, and as the result reached at the trial was substantially correct, the judgment granting a nonsuit will not be disturbed.

Argued June 17, — Decided August 10, 1897.

Complaint for damages. Before Judge Ross. City court of Macon. September term, 1896.

On February 11, 1896, A. B. Small sued Max Cohen for $1,365, alleging that he was injured and damaged by the defendant by reason of the following facts: On November 18, 1890, defendant approached him with a note, payable twelve months after its date, to defendant or bearer, for $1,000, and signed G. H. Murray, W. D. Harp, and J. C. Murray; and proposed to sell or discount the note to plaintiff in payment of an amount which G. H. Murray was then indebted to the plaintiff in the sum of $688.03, and an additional advance of $390, defendant then and there stating to plaintiff that he knew the note was all right, and that the same was good. On this representation made to him by defendant, he then and there advanced to Cohen on said note $390, and accepted the note in further consideration of eight hundred and eighty-eight dollars and three cents indebtedness of G. H. Murray. The note becoming due and the parties failing to pay the same, plaintiff, on April 17, 1893, filed a suit in the superior court of Macon county, for the recovery of the sum due on the note. On November 15, 1893, W. D. Harp filed a plea of non est factum to the suit on the note. On May 8, 1893, J. C. Murray also filed a plea of non est factum. On May 12, 1893, G. H. Murray filed a plea that he did not owe the note. When the case was called for trial at the November term, 1894, Cohen was subpoenaed and called as a witness to prove the factum of the note, when he stated to the plaintiff's attorneys that he could not swear anything that would be of benefit to the plaintiff, and that he could not prove that the parties who were pleading non est factum had executed the note. Whereupon plaintiff, for want of sufficient proof to make out a prima facie case against the defendant, had his case dismissed. At the

time Cohen sold and delivered the note to the plaintiff, he stated in terms that he knew the note to be all right, that J. C. Murray and W. D. Harp were good, and that it was a bona fide note, made by the parties; and the plaintiff, relying upon this statement, advanced the money to him as heretofore stated. This statement was untrue and made to deceive and defraud plaintiff, and did defraud him. The plaintiff did not know of the falsity of this statement until said November term, 1894, of Macon superior court, when Cohen failed and refused to establish the fact that the note was bona fide given to him by the parties whose names were signed thereto. Plaintiff has incurred $15 as costs, and $250 as attorney's fees, in his effort to prosecute said suit to judgment, and which he is compelled to pay in bringing this suit against Cohen.

Cohen answered, denying the allegations of the petition. Upon the trial a nonsuit was granted on the grounds, that the testimony showed that the cause was barred by the statute of limitations; and that the proof varied from the allegations.

The following appeared from the evidence: On November 18, 1890, G. H. Murray brought to the plaintiff's office the promissory note described in the declaration, to get plaintiff to discount it. (Across its face were written the names G. J. Harp and J. M. Meadows.) Plaintiff at first declined to have anything to do with the note. Murray said that he had a party with him, and plaintiff told him to bring him in. Cohen came into the office a few minutes later. When Cohen came in the note was lying on the desk. According to the testimony of one of the witnesses, plaintiff said to Cohen, in substance, "Mr. Murray tells me you are here to get this note discounted," and Cohen said, "Yes, that is my business in Macon." According to the testimony of the plaintiff himself, he did not tell Cohen this, but Cohen said, "Here is a note that Mr. Murray wants to get discounted." Plaintiff told him he could not get it discounted, that nobody in town would discount it. Cohen said that he could get the money, that he had a private party (naming him) who would discount it for $1,000, and if plaintiff would give Murray a check for $390, he (Cohen) would bring back the $1,000 to reimburse plaintiff for the check; and also

pay the plaintiff an account which Murray owed plaintiff, the amount of which was about $600, and which Murray had come to plaintiff for the purpose of paying. Cohen said the note was perfectly good and "carried it on its face," and that the parties were all right. A check of the plaintiff for $390, payable to the order of Murray, was then given to Murray in the presence of Cohen, Cohen having told the plaintiff to draw the check to Murray's order; and Cohen and Murray left the office together. Cohen was to bring back the money in an hour's time, or return the check to the plaintiff. The check was not delivered to Murray on Murray's credit, but it was given upon the representations and assurances of Cohen alone. Until Cohen came in, the plaintiff had declined to have anything to do with the paper; and he advanced the money on Cohen's promises alone. The check was written at Cohen's suggestion, and on his continued, absolute and persistent promises that he would bring the money back in an hour's time and would return the check to the plaintiff. As Cohen and Murray started out of the store with the check, plaintiff's brother said to Cohen, "You have forgotten the note," and plaintiff demanded that Cohen take the note, but Cohen said "Leave it there," that he would come back in a few minutes, or in a little while. Cohen did not come back. The transaction above stated took place in the morning. In the afternoon the plaintiff saw Cohen in the street, and Cohen said he had been trying to get the money and could not get it even on a United States bond, that he had plenty of United States bonds. Plaintiff told Cohen he would take the U. S. bond and hold it until Cohen could get the money. Cohen said he would go right home and attend to it. Cohen did not come back until the grand jury found a true bill against him. The check was paid. The money has never been paid to the plaintiff. A short while after the check was drawn he was tendered in payment of the check $390 with interest from the time he advanced it, and a return of the note was at the same time demanded of him, but he declined to receive the money, on the ground that it would be compounding a felony. The plaintiff thinks he said he would return the note if the principal of

the note was paid to him. It was no part of the plaintiff's contract with Murray that the note should be held as collateral for the debt Murray owed him. It was not left with plaintiff as collateral security. He had no property in the note at the time Cohen and Murray left it at his office. They did not tell him to keep it as collateral security. Plaintiff has never been the holder of it of his own will or consent. He did not lend or advance money on it. He took care of it to see what could be made out it. Plaintiff brought suit on the note in Macon superior court on April 17, 1893. He discovered after the suit had been filed that he could not collect anything out of Murray and other parties to the note. Before he brought suit he made an effort to collect the money from Cohen. He did not sue the claim against Cohen sooner, probably because he (plaintiff) was trying to get the money out of the note for his use and apply it to his interest. Neither Cohen nor Murray asked nor authorized him to do that. Neither asked nor authorized him to sue the note. He did not ask any man whose name was written on the note for payment, unless Murray may have been written to. The other parties were written to, and they would not give him any satisfaction. A witness who had been of counsel in the suit upon the note testified that the suit was dismissed because counsel could not prove the execution of the note. His recollection is that after the pleas had been filed, he explained to Cohen the nature of the defense that had been filed, and that it was necessary to prove the execution of the note, and called on Cohen to furnish proofs so as to overcome the pleas filed by the defendant. Cohen said he knew nothing that would do the plaintiff any good. He thinks Cohen said he could be of no service to the plaintiff. The only effort he made as plaintiff's counsel to establish the genuineness of the signatures to the note was to ask Cohen what he knew about it, and Cohen said he knew nothing that would help him, and he (counsel) gathered from what he stated that he had seen nobody sign the note. After the conversation took place the case was continued, and at a subsequent term, when this witness was not present, it was dismissed. Witness does not think that Cohen was subpœnaed as

a witness for the plaintiff. He thinks a note signed G. H. Murray, J. C. Murray and G. J. Harp for $1,000 was good in 1890, but does not consider it good now. W. T. Harp is in possession of a good deal of property, but it is all in his wife's name, and nothing could be made out of him. Witness could not say whether "they" were paying their debts in 1890. For several years past they have been sued frequently and no money made out of them.

*Hardeman, Davis & Turner*, for plaintiff.
*Estes & Jones*, for defendant.

COBB, J. Small brought suit against Cohen for damages, and upon the trial a nonsuit was awarded. The averments of the petition and the evidence offered in support thereof are set forth in substance in the official report.

1. There was evidence sufficient to have established the cause of action set forth in the plaintiff's declaration; but from this evidence it clearly appeared that the suit had not been brought within four years from the time the right of action accrued. The plaintiff, therefore, having proved his cause of action, and having proved also that the suit was not brought within time, it was the right of the defendant to take advantage of this and defeat the suit.

2. While there was evidence tending to show that the plaintiff had never purchased or owned the note which was involved in the suit, such evidence was inconsistent with the allegations of the petition. The cause of action set forth was for a breach of a covenant of warranty in the sale of a note, and the evidence referred to tended to show a case of damages by fraud and deceit on the part of the defendant, in which the note was used as an instrument to carry out the fraud. Such evidence, not supporting the allegations, could not be looked to to keep the case in court, but would rather be a sufficient ground for the dismissal of the same on account of the variance.

3. The proper method of taking advantage of the defense of the statute of limitations is by a special plea in bar. It is true that it has been held, that where it appears upon the face of

the declaration that the cause of action is barred by the statute of limitations, such defense may be raised by demurrer. *Colding* v. *Williamson*, 71 *Ga.* 89; *Holston Company* v. *Harris*, 73 *Ga.* 113. It has never been held, however, in this State, that this defense can be taken advantage of in any other way. Upon objection made at the proper time, the trial court would have no right to grant a nonsuit upon the ground that the evidence showed that the cause of action was barred. This defense must be set up either by plea or demurrer. While it was error in the court, therefore, to have awarded a nonsuit on the ground that the plaintiff's cause of action was barred by the statute of limitations, as the plaintiff did not in the trial court object to the nonsuit on this ground, and there is no distinct assignment of error in the bill of exceptions complaining of this, and as the plaintiff did not in his brief or argument here raise the question, the judgment of the trial court in granting the nonsuit will not be disturbed, the result reached on the trial being substantially correct.      *Judgment affirmed. All the Justices concurring.*