## POOLE *v.* TRIMBLE.

Where no time is agreed upon between the parties as to when a loan made shall mature and demand for payment is thereafter made by the lender, a suit upon open account filed more than four years after such demand is barred by the statute of limitations.

Argued December 16, 1897.—Decided January 10, 1898.

Appeal. Before Judge Candler. Clayton superior court. March term, 1897.

On October 28, 1896, Maggie Poole brought suit against Trimble for a balance alleged to be due on a loan made to the defendant by her on December 8, 1890. A plea of the statute of limitations was filed; and upon the trial a nonsuit was granted upon the ground that the action was barred. Plaintiff testified that she lent the money to the defendant for the purpose of enabling him to make a payment upon a piece of land. No special time was fixed for repayment, but the defendant promised that whenever he should finish paying for the land he would give her a note for the money and turn over his deeds as security. He promised to pay her eight per cent. per annum for the use of the money. In March, 1891, she wrote to the defendant that she was needing some money, and he let her have 75 cents. In November of the same year he paid her $10; in October, 1892, $15; in October, 1893, $4; and in November, 1894, $5. In the fall of 1894 he brought her some butter and eggs of the value of $4. She offered to pay for them, but he told her to let it go on what he owed her. All these sums were credited on the loan. At that time, or at some other time during the fall of 1894, the defendant told her he had finished paying for his land, but he gave her no note for the money. He said his crop had turned out badly and he would pay up his debt the next fall. She agreed that the debt might run till the next fall. In 1895 she demanded her money in the fall of the year, but he did not pay it and has not yet done so.

*Alexander & Lambdin*, for plaintiff.
*Watterson & Kimsey*, for defendant.

SIMMONS, C. J. We think that the court below did not err in granting a nonsuit. When the loan was made, no time for its repayment was agreed upon by the parties, but in March, 1891, plaintiff wrote a letter which was in effect a demand, and which, therefore, fixed the maturity of the debt. Where a debt is not at once due and no time is specified for its payment, it is due and payable in a reasonable time or upon de-

mand subsequently made. The cases of *Chandler* v. *Chandler*, 62 *Ga.* 612, and *Patterson* v. *Blanchard*, 98 *Ga.* 518, relied upon by plaintiff in error, are readily distinguishable from the present; for in neither of those cases was there any demand and refusal to pay. Arguendo, those cases are authority for our decision in this, that a debt for which no time of payment has been fixed and which is not due at once, becomes due immediately upon demand and refusal to pay. In the present case, the plaintiff wrote the defendant to the effect that she was needing money. This amounted to a demand upon him, and the whole amount became immediately due and payable, and immediately the statute of limitations began to run. Suit was not brought until more than four years after the time of this demand; and we think therefore that the action was barred by the statute of limitations. It follows that the trial judge did not err in granting a nonsuit upon that ground, no question being raised as to the propriety of this method of taking advantage of the plea of the statute of limitations which had been filed. In this connection see *Small* v. *Cohen*, 102 *Ga.* 248.

The debtor, the defendant in this suit, made several payments during the time intervening between the demand and the filing of the suit, and subsequently to the demand plaintiff agreed to extend the time of payment until the fall of 1895, such promise not being in writing. Section 3788 of our Civil Code provides that "A new promise, in order to renew a right of action already barred, or to constitute a point from which the limitation shall commence running on a right of action not yet barred, must be in writing, either in the party's own handwriting, or subscribed by him or some one authorized by him. The several payments made and the new promise orally given were, therefore, ineffectual to fix a new point from which the limitation should commence running. The statute of limitations commenced to run from the time the demand was made, and no new point was created by the subsequent payments or the promise made in parol.

*Judgment affirmed. All the Justices concurring.*