16843.   BURKHALTER *v.* BURKHALTER.

BELL, J.   1. Where a general deposit of money in a bank, to bear interest at a specified rate from date, was not evidenced by the usual certificate of deposit or other writing fixing the time of payment, the statute

Banks and Banking, 7 C. J. p. 665, n. 78 New.
Limitation of Actions, 37 C. J. p. 957, n. 75; p. 961, n. 4; p. 1254, n. 42.
Pleading, 31 Cyc. p. 311, n. 53.

of limitations did not begin to run in favor of the bank until demand for payment, "such demand not being delayed until the right had become stale." In such a case the claim could not be said to be barred as a matter of law where the demand was made six and one half years after the date of the deposit. *Munnerlyn* v. *Augusta Savings Bank*, 88 *Ga.* 333 (3) (14 S. E. 554, 30 Am. St. R. 159).

2. Where a person who had money on deposit in a bank under the terms indicated above agreed with an individual to withdraw the money from the bank and to lend it to him upon the same terms and conditions (except as to the rate of interest) under which it had been held by the bank, and the money was withdrawn and loaned accordingly, the individual was substituted for the bank as a debtor (*McGregor* v. *Battle*, 128 *Ga.* 577, 580, 58 S. E. 28, 13 L. R. A. (N. S.) 185; *Luthersville Banking Co.* v. *Hopkins*, 12 *Ga. App.* 488, 77 S. E. 589); and the rule as to the operation of the statute of limitations which would have obtained as between the depositor and the bank was applicable as between the parties to the loan agreement. Compare *Patterson* v. *Blanchard*, 98 *Ga.* 518 (25 S. E. 572).

3. Since, under the other facts appearing, if there had been no substitution of debtors and the suit had been brought against the bank, it could not have been said as a matter of law that the claim was barred, the debt against the substituted individual, contracted upon the same terms as to maturity, can not be held barred as a matter of law where a demand for its payment was made within six and a half years from the date of the loan, and suit was brought to recover the amount within four years after the demand.

4. Under the above rulings, the petition was not subject to the demurrer invoking the statute of limitations. The facts in this case are to be distinguished from transactions involving notes payable on demand (see Civil Code (1910), §§ 3434, 4292; *Hobbs* v. *Citizens Bank of Wrens*, 32 *Ga.* App. 522, 124 S. E.'72), and also from loans under oral agreements silent as to the matter of maturity. See *Chandler* v. *Chandler*, 62 *Ga.* 612; *Teasley* v. *Bradley*, 110 *Ga.* 497 (3) (35 S. E. 782, 78 Am. St. Rep. 113). Nor do the facts of the instant record require a decision as to when the statute of limitations would begin to run against a loan to an individual, the terms of which are oral and provide for payment on demand, but as to which there is not, as here, a stipulation that the money is received under the same terms and conditions (except as to interest) on which money is received by a bank on general deposit. See *Patterson* v. *Blanchard*, supra; *Sweet* v. *Irish*, 36 Barb. 467 (32 L. R. A. (N. S.) 493 note); Re *Fallon*, 110 Minn. 213 (2) (124 N. W. 994, 32 L. R. A. (N. S.) 486).

5. The petition alleges that the loan to the defendant was made "the first part of April, 1918," the exact date not being stated. *Held:* The petition was not, on account of this omission, subject to demurrer upon the ground that it failed to show when the loan was made, "thus failing to furnish defendant with an itemized statement as required by law." Assuming that the exact date should have been alleged (but see *Bland* v. *Strange*, 52 *Ga.* 94; *Busby* v. *Marshall*, 125 *Ga.* 645 (1), 54 S. E. 646; s. c. 3 *Ga. App.* 764, 60 S. E. 376; *Hicks* v. *Hamilton*, 3 *Ga. App.* 112, 59 S. E. 331), since there was a mere indefiniteness and not a total

want of allegation as to date, the defect could not be reached by a demurrer which, instead of objecting that the date was not alleged with sufficient particularity, complained only that the petition did not show "when" the loan was made. *Green* v. *State*, 109 *Ga.* 536 (1) (35 S. E. 97); *Alford* v. *Davis*, 21 *Ga. App.* 820 (4) (95 S. E. 313). As to the insufficiency of such ground of the demurrer to invoke the statute of limitations, see *Smith* v. *Central &c. Ry. Co.*, 146 *Ga.* 59 (90 S. E. 474).

6. The evidence did not conclusively show that the plaintiff had demanded payment of the principal more than four years before the filing of the suit. Such other and previous demands as may have been made by her could have been found to have had reference only to the payment of accrued annual interest which, under the terms of the loan, she had a right to demand without demanding the principal. In this respect the case differs from *Poole* v. *Trimble*, 102 *Ga.* 773 (29 S. E. 871), in which it conclusively appeared that the plaintiff made a general demand before any interest was due.

7. The evidence was in substantial accord with the petition, and did not demand a finding in favor of the special plea of the statute of limitations, which plea was in addition to the demurrer.

8. The above rulings will dispose of all questions argued or referred to in the brief for plaintiff in error. The demurrers to the petition were properly overruled, and the judgment refusing the motion for a new trial was not erroneous for any reason urged.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

Decided April 20, 1926.

Complaint; from city court of Reidsville—Judge Cowart. August 28, 1925.

*B. B. Dubberly, J. T. Grice,* for plaintiff in error.

*P. M. Anderson,* contra.