27467. SMITH *et al.*, executors, *v.* EARLY.

Decided May 3, 1939. Rehearing denied July 22, 29, 1939.

*Harry S. Strozier*, for plaintiffs in error.
*Hall & Bloch, Joseph W. Popper*, contra.

BROYLES, C. J. On May 17, 1938, Paul K. Early Sr. filed his petition against W. Stanford Smith, Mrs. Eva G. Lane, and Mrs. Carter Gantt Benford, as executors of the will of J. T. Gantt, deceased, to recover $1750. The question for determination is whether the judge erred in overruling the defendants' demurrer. The petition as amended alleged that on January 31, 1921, J. T. Gantt borrowed from petitioner $1750, and agreed to pay interest thereon at the rate of six per cent. per annum; that Gantt "paid the interest on the said loan through January 31, 1925;" that "on September 17, 1937, your petitioner demanded of the executors aforesaid payment of . . said sum of $1750 principal, with interest to that date;" that "defendants as executors . . failed and refused to pay the said amount or any part thereof;" that at the time of said transaction "petitioner was employed by his stepfather, J. T. Gantt, in connection with the Gantt Manufacturing Company, a business owned by the said J. T. Gantt;" that "at said time the said . . company was in need of funds, and . . petitioner advanced the said funds to his stepfather, believing that the same would be used in the business of the Gantt Manufacturing Company;" that "the relationship of . . petitioner with his stepfather and with him as the employer of . . petitioner was of such a nature and the use for which the money was to be employed was such that it was not contemplated by the parties that the money so advanced would be repaid at any specific time, or that a demand for repayment of such money would be made until some indefinite time in the future;" that "on January 31, 1921, your petitioner had in force a life-insurance policy, fully paid up, in the Northwestern Life Insurance Company, which policy had a loan value of at least $1750;" that "on that date he borrowed $1750 on this policy, and the check therefor was made payable to J. T. Gantt, who indorsed the said check and received the proceeds thereof;" and that "there was no obligation on petitioner's part to repay the said loan . . to the insurance company at any specified time." The prayer was that petitioner "have judgment . . in the principal sum of $1750, together with interest at the rate of 6% per annum from January 31, 1925."

The pertinent parts of the defendants' demurrer to the petition as amended follow: "1. The debt was contracted on January 31, 1921. There was no agreement as to the time it should be repaid.

The statute of limitations, therefore, began to run on January 31, 1921. Suit was filed on May 17, 1938. It not appearing that the debt was evidenced by contract under seal, the statute of limitations is either six years, if the contract was written, or four years, if it was oral; in either of which events, it affirmatively appears from the amended petition, the cause of action is barred." 2. The allegations of the petition as amended "respecting the relationship between petitioner and J. T. Gantt are immaterial and irrelevant, it not appearing that such relationship had, or could have, any bearing on the time said debt was legally due and payable." 3. The allegation that "petitioner was employed by the Gantt Manufacturing Company is immaterial and irrelevant as having no bearing on the time the said debt was legally due and payable." 4. The allegation that "petitioner believed said money was to be used for the business of the Gantt Manufacturing Company is immaterial and irrelevant, the fact of petitioner's belief and the fact, if it was a fact, that said money was to be used in said business having no bearing on the time said debt was legally due and payable."

Counsel for the plaintiffs in error states in his brief that "the sole question involved is whether the cause of action is barred by the statute of limitations;" and counsel for defendant in error concur in this statement. ."It is not essential to the plaintiff's cause of action that it appear affirmatively from the petition that it is not barred by the statute of limitations. Where it does not appear from the petition that the action is barred, and the petition otherwise sets out a cause of action, it is error to sustain a general demurrer." *Felton* v. *State Highway Board,* 47 *Ga. App.* 615 (2) (171 S. E. 198). See also the following cases cited in support of the foregoing ruling: *Stringer* v. *Stringer,* 93 *Ga.* 320 (2) (20 S. E. 242); *Brock* v. *Wildey,* 132 *Ga.* 19 (63 S. E. 794); *Smith* v. *Ross,* 32 *Ga. App.* 411 (123 S. E. 721). In *Patterson* v. *Blanchard,* 98 *Ga.* 518 (2) (25 S. E. 572), the Supreme Court said: "The action being by an administrator for money deposited by his intestate, a non-resident of this State, with a partnership of which the defendant was the survivor, and based upon a 'writing obligatory' acknowledging the receipt from the intestate, for her account, of a specified sum, and concluding with the words, 'We are to allow you 8 pr. ct. on the amt.,' but specifying no time for

payment; and the declaration alleging that the intestate died in 1884 without having demanded payment of the sum so deposited, and that there had been no representation upon her estate until 1891, when for the first time her administrator demanded payment and the same was refused, it was error to dismiss the action upon the ground that the same was barred by the statute of limitations. There was no liability to pay until after demand; and consequently the statute of limitations did not begin to run in favor of the debtor until after demand had been duly made and payment refused." In the opinion the court said: "The receipt given by Blanchard & Burrus to Mrs. Orr in her lifetime, and upon which the present action was brought against Blanchard as survivor, specified no time for repaying to her the money which she deposited with them; and we are therefore of the opinion that they were not liable to pay her except on demand. This being so, the statute of limitations would not commence to run in their favor until after due demand and refusal to pay."

In *Poole* v. *Trimble,* 102 *Ga.* 773 (29 S. E. 871), the headnote reads: "Where no time is agreed upon between the parties as to when a loan made shall mature, and demand for payment is thereafter made by the lender, a suit upon open account filed more than four years after such demand is barred by the statute of limitations." Headnote 2 of *Chandler* v. *Chandler,* 62 *Ga.* 612 reads: "An account which neither party considered due immediately was due on demand, or on the expiration of a reasonable time, or at the time when the creditor understood it to be due, the debtor though a witness not testifying to a different understanding on his part. The statute of limitations does not run against an account until it is in fact due." In that decision Justice Bleckley, speaking for the court, said: "The debt arose and the action accrued thus: One of the tenants in common in a tract of land bought out his cotenants, contracting with each severally to pay a specified sum for his undivided share. The purchase was made in the latter part of the year 1872, and his exclusive possession of the premises commenced in the following January. In March, 1877, the plaintiff below, one of the vendors, brought suit for the price at which his share was sold. The statute of limitations of four years was pleaded. The plaintiff testified at the trial that nothing was said respecting the time when the money was to be paid, but

that his understanding was that half of it was to be paid in the fall of 1873, and the other half in the fall of 1874. He also testified that the defendant afterwards said to him that the purchase was not a cash transaction. The defendant gave evidence in his own behalf, but did not deny that he had made this statement, nor suggest that the plaintiff's understanding was incorrect, nor disclose what his understanding was, nor testify to any time whatever as the one contemplated for the debt to mature. The court charged the jury in terms satisfactory to both parties. The evidence warranted a finding for the plaintiff, for it seems that neither party understood the debt to be payable immediately; and if it was not, the jury, in view of all the circumstances, might have concluded that the plaintiff's understanding was known to and acquiesced in by the defendant, or, if otherwise, that the term of credit was left indefinite to await a demand, or the lapse of a reasonable time. Any of these theories would enable the jury to negative the plea of the statute, without doing violence to the evidence." In 17 R. C. L. 758, it is said that "where the parties contemplated a delay in making the demand to some indefinite time in the future, the statutory period for bringing the action has been held not to be controlling as to the question of reasonable time." In Fallon v. Fallon, 110 Minn. 213 (124 N. W. 994, 32 L. R. A. (N. S.) 486, 136 Am. St. R. 464), the facts found by the court were as follows: "The respondent, Maria Fallon, is a sister of William Fallon, deceased. She came to this country from Ireland about the year 1870, and since that time she has been engaged in domestic service, having never married. At various times between the year 1870 and June 21, 1884, she delivered and intrusted to her brother William divers sums of money saved from her wages, aggregating at least $500. These sums were so delivered and intrusted to him for safe-keeping upon the understanding and agreement that he would return and repay the moneys so intrusted to him, with interest thereon, at any time she might call for or actually demand the same. On June 21, 1884, her brother William married, and she thereafter deposited no money with him. He died intestate on July 31, 1907. She never demanded from him any part of the money so delivered to him, or the interest thereon, nor has any part of either ever been paid. She is not chargeable with unreasonable delay, nor laches, in failing

to demand payment of the money from her brother before his death." In the opinion the court said: "The law relevant to the facts found is well settled. Where, by the contract of the parties, express or implied, the money or debt which is the subject-matter thereof is payable only upon a demand in fact therefor, the statute of limitations does not begin to run until an actual demand for payment is made. The demand, however, must be made within a reasonable time, which is ordinarily the period of the statute of limitations; but where the parties contemplated a delay in making the demand to some indefinite time in the future, the statutory period for bringing the action is not controlling as to the question of reasonable time." See also Campbell v. Whoriskey, 170 Mass. 63 (48 N. E. 1070). Under the foregoing authorities, we hold that the court properly overruled the demurrer to the amended petition.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

### ON MOTION FOR REHEARING.

MacIntyre, J. Counsel for movants contends that our decision is at variance with the principle announced in *Teasley* v. *Bradley,* 110 *Ga.* 497, 504 (35 S. E. 782), which principle is as follows: "When money is loaned and there is *no* agreement as to the time of repayment, the amount loaned is in law due immediately, and the statute of limitations begins to run at once in favor of the borrower." (Italics ours.) But is this the case if there *is an agreement,* express or implied, that such demand may be made a considerable length of time in the future, even beyond the ordinary statutory period for bringing an action? We think not. It was said in Campbell v. Whoriskey, supra: "Where there is nothing to indicate an expectation that a demand is to be made quickly, or that there is to be delay in making it, we are of opinion that the time limited for bringing such an action after the cause of action accrues should ordinarily be treated as the time within which a demand must be made." This rule also seems to indicate that where there is no intention of the parties shown that there is to be a delay in making the demand, the statute of limitations begins to run at once. However, where the money is loaned, payable on demand, there is no rule of law that prevents an express or implied agreement between the parties that their arrangement should continue into the future for a considerable length of time before the plaintiff would be expected to demand his money, even though

such contemplated demand may be made beyond the statutory period for bringing such an action. In short, to avoid the statute of limitations, the delay in the demand must be contemplated by the contract. Jameson *v.* Jameson, 72 Mo. 640. To illustrate: Where the agreement is that the money loaned or deposited shall be due and payable on demand during the natural life of the lender or depositor, we do not think that the plaintiff can merely show that he loaned the defendant some money payable on demand and then, some sixteen years thereafter, beyond the statutory period of limitation for bringing such an action, make a demand and recover, but the plaintiff should show further that the delay in demanding the payment was contemplated by the contract; that is, that there was an express or implied agreement to that effect. The amended petition having in effect alleged that the delay in demanding payment was contemplated by the contract, we do not think the judge erred in overruling the demurrer.

*Rehearing denied. Broyles, C. J., and Guerry, J., concur.*