34879. HOWELL *v.* SEIGLER.

TOWNSEND, J. 1. Where the plaintiff in a statutory trover action for the recovery of personal property, alleged, in paragraph 3 of the petition, "that the yearly rental value of said property is $90.00, which the petitioner claims from October, 1939," the petition being filed in October, 1952, and where thereafter the defendant filed a general demurrer and also a written motion to dismiss the petition on the ground that it shows on its face (because of the allegations of paragraph 3 above set forth) that the action is barred by the statute of limitations, and, before a hearing on the demurrer was had, the plaintiff amended the petition by striking therefrom the third paragraph, it was not error for the court thereafter, on the hearing of the demurrer and motion, to pass an order as follows: "In view of the amendment filed on December 22, 1952, the within demurrer is hereby dismissed . . . the within motion to dismiss is hereby overruled." After the amendment deleting paragraph 3, there was nothing in the petition to suggest that the action was barred by the statute of limitations. The defense that the action is barred by the statute of limitations may be raised by demurrer only where this fact appears upon the face of the petition; but, where it does not so appear the defense must be raised by plea. *Thornton* v. *Jackson*, 129 *Ga.* 700 (2) (59 S. E. 905); *Small* v. *Cohen*, 102 *Ga.* 248 (3) (29 S. E. 430). There being nothing in the petition after amendment to indicate that the right of action was thus barred,

the overruling of the demurrer and the motion to dismiss was proper.

2. A plaintiff may amend his petition in such manner as to cure the pleading of the defect that it appears therefrom that the right of action is barred by the statute of limitations, by setting up other facts showing that the limitation has been tolled. *Pendley* v. *Powers,* 129 *Ga.* 69 (58 S. E. 653); *Collier* v. *Ga. Securities Co.,* 57 *Ga. App.* 485 (195 S. E. 920). An amendment to a petition merely striking therefrom certain allegations which, on objection interposed, would bar the plaintiff's recovery, is not subject to demurrer on the ground that it attempts to set out a new cause of action, or has the legal effect of severing from the action a part thereof which shows that the action is not maintainable. *Iteld* v. *Karp,* 85 *Ga. App.* 835 (2) (70 S. E. 2d 378). Accordingly, the plaintiff had a right to amend by deleting paragraph 3 from the petition, and the trial court did not err in overruling the demurrer to the amendment on these grounds.

3. The only defensive pleading filed to the trover action was a plea of the statute of limitations. Error is assigned in the bill of exceptions on an order "overruling" this plea. However, the transcript of the record discloses that this judgment was later rescinded by the trial court by a subsequent order, which was consented to by counsel for both parties. Where there is a variance between the bill of exceptions and the record, the latter controls. *Hunt* v. *State,* 64 *Ga. App.* 320 (13 S. E. 2d. 117); *Sims* v. *Hatcher,* 77 *Ga.* 389 (3). This order reinstating the plea of the statute of limitations left it as the sole defense upon the trial of the case.

4. The bill of exceptions recites that the trial court denied the defendant's motion for a new trial; but since no error is assigned upon this judgment the sufficiency of the evidence will not be considered here.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

Decided November 24, 1953.

*Edward J. Goodwin,* for plaintiff in error.
*Laurie K. Abbott,* contra.