### 38742. MALLIN v. SPICKARD.

DECIDED APRIL 25, 1961.

*John H. Hicks, Heyman, Abram & Young,* for plaintiff in error. *John M. Sikes,* contra.

NICHOLS, Judge. The sole contention raised by the plaintiff in error, the defendant in the court below, is that each count of the petition is barred by the statute of limitation and that his demurrer raising such issue should have been sustained.

The statute of limitation based on an oral contract is four years from the date the action accrued (*Code* § 3-706), and the question presented in this case is when the action accrued. The

defendant contends in support of his demurrers that the action accrued on the dates the moneys were loaned. If such contention is correct, since the action was not filed until more than four years after the dates when such moneys were allegedly advanced or loaned, the demurrers raising the question as to the statute of limitation should have been sustained inasmuch as such facts are shown on the face of the petition. See *Howell v. Seigler,* 89 Ga. App. 221 (1) (78 S. E. 2d 874), and citations.

In *Teasley v. Bradley,* 110 Ga. 497, 504 (35 S. E. 782, 78 Am. St. Rep. 113), it was said: "When money is loaned and there is no agreement as to the time of repayment, the amount loaned is in law due immediately, and the statute of limitations begins to run at once in favor of the borrower." In that case the Supreme Court, was dealing with money loaned without a written contract and without any definite time being agreed upon for repayment. The present case, in each count, alleged that the money was loaned and that the defendant was to repay it upon demand, and there was no allegation that the plaintiff would not demand the repayment until some future time. (See *Smith v. Early,* 60 Ga. App. 506, 3 S. E. 2d 913). The petition shows on its face that the action was barred since more than four years had elapsed between the time the money was loaned and the action brought. The trial court erred in overruling the defendant's demurrers based on the statute of limitation.

*Judgment reversed. All the Judges concur except Felton, C. J., and Bell, J., who dissent.*

BELL, Judge, dissenting. Since in each count there was an allegation that the money was loaned upon the defendant's promise to make repayment upon demand made by the plaintiff, there being no negotiable promissory notes given, a demand by the plaintiff was a condition precedent to the maintenance of the action. It is elementary that the statute of limitation begins to run from the time the cause of action accrues. Under the allegations of the petition, the demands for payment were made in January of 1960, and the statute of limitation began to run at that time.

This situation seems to be controlled by the case of *Poole v. Trimble,* 102 Ga. 773, 774 (29 S. E. 871), which states in part,

"When the loan was made, no time for its repayment was agreed upon by the parties, but in March, 1891, plaintiff wrote a letter which was in effect a demand, and which, therefore, fixed the maturity of the debt. Where a debt is not at once due and no time is specified for its payment, it is due and payable in a reasonable time or upon demand subsequently made. The cases of *Chandler v. Chandler*, 62 Ga. 612, and *Patterson v. Blanchard*, 98 Ga. 518, relied upon by plaintiff in error, are readily distinguishable from the present; for in neither of those cases was there any demand and refusal to pay. Arguendo, those cases are authority for our decision in this, that a debt for which no time of payment has been fixed and which is not due at once, becomes due immediately upon demand and refusal to pay."

It is clearly alleged in the petition here that the debt was to become due on demand. It necessarily follows that the debt was not due until the demand was made. Accordingly, the statute could not begin to run until the debt became due. Under this view, the action was brought within the statutory period, and accordingly the trial court's overruling of the defendant's demurrers based on the statute of limitation should be affirmed by this court.

*Felton, C. J., concurs in this dissent.*