### 39298. MALLIN v. SPICKARD.

FRANKUM, Judge. 1. When this case was previously before this court (*Mallin v. Spickard,* 103 Ga. App. 562, 120 SE2d 128), it was held: "In *Teasley v. Bradley,* 110 Ga. 497, 504 (35 SE 782, 78 ASR 113), it was said: 'When money is loaned and there is no agreement as to the time of repayment, the amount loaned is in law due immediately, and the statute of limitations begins to run at once in favor of the borrower.' In that case the Supreme Court was dealing with money loaned without a written contract and without any definite time being agreed upon for repayment. The present case, in each count, alleged that the money was loaned and that the defendant was to repay it upon demand, and there was no allegation that the plaintiff would not demand the repayment until some future time. (See *Smith v. Early,* 60 Ga. App. 506, 3 SE2d 913). The petition shows on its face that the action was barred since more than four years had elapsed between the time the money was loaned and the action brought. The trial court erred in overruling the defendant's demurrers based on the statute of limitation."

Before the remittitur from this court was made the judgment of the trial court, the plaintiff tendered an amendment to his petition, which was allowed subject to demurrer. The allegation in the plaintiff's amendment is substantially the same as an allegation found in the petition in *Smith v. Early,* 60 Ga. App. 506, supra, and which was construed by this court as being sufficient to allege that when the loans were made the parties intended, either expressly or impliedly, that demand for the repayment of the money loaned would *not* be made until sometime in the future. It was stated in *Smith*

*v. Early*, 60 Ga. App. 506, 512, supra: "The amended petition having in effect alleged that the delay in demanding payment was contemplated by the contract, we do not think the judge erred in overruling the demurrer." Each count of the petition in the instant case shows that demand for repayment of the money loaned was made within four years before the suit was filed. Therefore, this case is controlled by *Smith v. Early*, 60 Ga. App. 506, supra, and under the holding in that case, the plaintiff's amendment in the instant case cured the defect which was pointed out when this case was first before this court. The court did not err in overruling the demurrer which raised the ground that the allegations of the petition as amended show that the plaintiff's cause of action was barred by the statute of limitation.

2. There is no merit in the defendant's contention that the amendment set forth a new and distinct cause of action.

*Judgment affirmed. Felton, C. J., Carlisle, P. J., Bell, Jordan, Hall, Eberhardt and Russell, JJ., concur. Nichols, P.J., dissents.*

DECIDED MARCH 15, 1962.

*Heyman, Abram, Young, Hicks & Maloof, John H. Hicks,* for plaintiff in error.

*John M. Sikes,* contra.

NICHOLS, Presiding Judge, dissenting. When this case was previously before this court (*Mallin v. Spickard*, 103 Ga. App. 562, 120 SE2d 128), it was held that the decision of the Supreme Court in the case of *Teasley v. Bradley*, 110 Ga. 497 (35 SE 782, 78 ASR 113), was controlling on the question of law presented, to wit: "When money is loaned and there is no agreement as to the time of repayment, the amount loaned is in law due immediately, and the statute of limitations begins to run at once against the borrower." The case of *Smith v. Early*, 60 Ga. App. 506 (3 SE2d 913), was also cited in such opinion because it distinguishes cases where there *is* an express or implied agreement that no demand would be made until a future date from cases where there is *no such agreement.*

When the plaintiff here sought to amend by adding language taken from the petition in the case of *Smith v. Early, supra,* the

trial court overruled the demurrers which sought to attack the petition as being barred by the statute of limitation. The language added to each count of the petition was as follows: "It was not contemplated by the parties that the money [or balance of] the money so loaned would be repaid to the plaintiff at any specific time, or that a demand for repayment of the money [or balance of] would be made until some indefinite time in the future."

The *law* relied upon in the case of *Smith v. Early,* 60 Ga. App. 506, supra, is in accord with the decision of the Supreme Court in the case of *Teasley v. Bradley,* 110 Ga. 497, supra, but the facts alleged in the petition in that case, and added by amendment in the case sub judice, do not show that there was an agreement, either express or implied, that a delay in making the demand was contemplated. The only proper construction that can be placed on the allegation added by amendment is as follows: It was *not contemplated* by the parties that the money loaned would be repaid at any particular time, and it was *not contemplated* that a demand for repayment would be made until some indefinite time in the future. In other words, there was no agreement, either express or implied, as to the time of repayment of the money loaned.

While the law in the case of *Smith v. Early* was correctly stated it was misapplied to the facts in the case, and a holding that the language of the petition was sufficient to remove the case from the category of *Teasley v. Bradley,* supra, was error and places the ultimate holding, that the action was not barred by the statute of limitation, at variance with the Supreme Court decision.

This court is bound by the decisions of the Supreme Court. Constitution of 1945, Article 6, Section 2, Paragraph 8 (*Code Ann.* § 2-3708). When a decision of this court is in conflict with a decision of the Supreme Court this court is bound by the decision of the Supreme Court. *Davis v. State,* 92 Ga. App. 627 (3) (89 SE2d 548), and citations.

Accordingly, in so far as the decision of this court in the case of *Smith v. Early,* 60 Ga. App. 506, supra, is in conflict with the decision of *Teasley v. Bradley,* 110 Ga. 497, supra,

such decision should not be followed, and the judgment of the trial court overruling the defendant's demurrer should be reversed.