482 P.2d 389 (1971)
Wilma LEE, Plaintiff in Error,
v.
CITY AND COUNTY OF DENVER, a Municipal corporation, Defendant in Error.
No. 70-645. (Supreme Court No. 24328.)
Colorado Court of Appeals, Div. I.
March 2, 1971.
*390 Dale Tursi, Pueblo, Gerash & Kaiser, Walter L. Gerash, Denver, for plaintiff in error.
Wood, Ris & Hames, David M. Bryans, F. Michael Ludwig, Denver, for defendant in error.
Selected for Official Publication.
COYTE, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
This is an appeal from a summary judgment entered in favor of the defendant, the City and County of Denver, dismissing plaintiff's suit for damages allegedly sustained as the result of plaintiff's fall in Stapleton International Airport, a facility owned and operated by the City and County of Denver.
In brief, the complaint alleged that the plaintiff slipped and injured herself in Stapleton Airport on November 15, 1965, and; that she filed her notice with the City of such injury within the 60-day limit set by the city charter and the 90-day limit set by the state statute, and; that as result of said injury plaintiff suffered damages in the amount of $57,000, for which defendant was liable by reason of its negligence in the maintenance of the Airport facilities.
By way of answer, the City set forth the affirmative defense that the plaintiff was barred from initiating this suit, because of her failure to commence the action within the period of the 2-year statute of limitations set forth in C.R.S. 1963, 139-35-1. The trial court agreed, noting that the suit had been filed two years and five months after the date of the accident, and it granted defendant's motion for summary judgment.
This appeal is centered upon two allegations: (1) that the 2-year statute of limitations contained within C.R.S. 1963, 139-35-1, is not applicable to this case, and (2) in the alternative, the doctrine of estoppel in pais prevents the City from raising this defense.

I.
The first assignment of error deals with C.R.S. 1963, 139-35-1, which plaintiff contends is not applicable by reason of the fact that running an airport is a proprietary rather than a governmental function, and that the 2-year statute of limitations set forth in C.R.S. 1963, 139-35-1, is intended to apply only to injuries caused by reason of a city's governmental rather than proprietary activities.
The statute does not distinguish as to whether the operation being conducted by the city government is proprietary or governmental. City and County of Denver v. Taylor, 88 Colo. 89, 292 P. 594, made this distinction in interpreting a charter provision of the City and County of Denver, which stated:
"Before the city and county shall be liable for damages to any person for injuries upon any of the streets, avenues, alleys, sidewalks or other public places of the city and county, the person so injured or some one on his behalf, shall, within sixty days after receiving such injuries, give the mayor notice * * *." (Emphasis supplied)
The court found that a municipal auditorium is not a public place within the meaning of the charter provision, and that the 60-day notice rule did not apply. It concluded that the legislative intent of this particular provision was to distinguish between acts of the municipal government acting in its governmental capacity, which came under the 60-day notice requirement, and acts of the municipal government *391 acting in a private or ministerial capacity which did not require that notice be given within the 60-day period.
In distinction, however, the present case turns upon the wording of the state statute, C.R.S. 1963, 139-35-1, which states:
"* * * No action for the recovery of compensation for personal injury or death against any city of the first or second class or any town, on account of its negligence, shall be maintained unless written notice of the time, place and cause of injury is given to the clerk of the city, or recorder of the town, by the person injured, his agent or attorney, within ninety days and the action is commenced within two years from the occurrence of the accident causing the injury or death."
No mention or distinction is made in the statute between injuries occurring in "public places" and injuries occurring in other places, such as was true in the charter provision under Taylor, supra. As Taylor, supra, also pointed out, the courts must give effect, if possible, "to every word, phrase, clause, sentence, and section * * *" of a statute or ordinance. Thus, in Taylor, supra, the enumeration of streets, alleys and other public places was taken to mean that the intent of the city council in passing this ordinance was to distinguish between governmental and proprietary acts of the city.
Here, however, instead of specifying the places where the statute has application, the statute explicitly states that no action may be maintained for the recovery of damages sustained as a result of personal injuries unless both the notice is given within the 90-day period and the action is initiated within the 2-year period, without regard to the particular function being carried out by the municipality at the time or the place the injury occurred. As the Supreme Court in Taylor, supra, also pointed out:
"If the charter provision was intended to apply to all injuries incurred in all places, it is entirely proper to assume that it would have been worded similar to the provisions of our statute with reference to the liability of cities * * *. Section 9157, C.L.1921."
A reading of Section 9157, C.L.1921, referred to in this quotation, reveals that it is the same as C.R.S.1963, 139-35-1, requiring any person injured by the negligence of a city to give notice within the 90-day period and bring suit within two years.
In Horst v. City and County of Denver, 101 Colo. 284, 73 P.2d 388, the Supreme Court in dealing with the 90-day notice held, "that the statute requires prior notice to the city in all cases of claims for damages for personal injury * * *."
Our conclusion is that C.R.S. 1963, 139-35-1, does not distinguish between the two functions of government mentioned. Taylor, supra, held that if there is a distinction to be made between the application of the statute as between proprietary and governmental functions of a city, the distinction must be made by the legislative body. Since there is no such distinction made in the statute, the court cannot judicially reach it on its own.
Consequently, whether operating this airport is a proprietary or governmental function, is immaterial because the statute does not make such a distinction but rather requires that all actions must be brought against the city within two years, which the plaintiff failed to do in the instant case. Plaintiffs rely on Crawford v. City and County of Denver, D.C., 278 F.Supp. 51, wherein the 90-day provision of the statute was being construed and a different result was reached. However, we feel that we are bound by Taylor, supra.

II.
Secondly, the plaintiff argues that estoppel in pais is proper here, and should have been applied in denying the defendants the right to raise this particular *392 statute of limitations as a defense. We do not agree with this contention.
We do not quarrel with the general statement made by the plaintiff that a defendant may not raise the statute of limitations as a defense in those instances where the plaintiff was led to believe that compensation was to be forthcoming for the injuries received as a result of defendant's negligence. See annotation in 24 A.L.R.2d 1413 for a full discussion of this point.
However, a necessary prerequisite in order for plaintiff to rely upon this doctrine is a showing of positive acts by the defendants which would have caused the plaintiff to fail to initiate her suit within the statutory period. None of the cases cited by plaintiff are in point with the circumstances of this case, for in each of the cited cases the defendant made some positive gesture which was understandably relied upon by the plaintiff, who then failed to carry out a particular statutory requirement. For example, in Rice v. Granite School District, 23 Utah 2d 22, 456 P.2d 159, the defendant was estopped from pleading the statute of limitations as a defense because the defendant's insurance adjuster had admitted liability and promised compensation for plaintiff's injuries which representations were relied upon by the plaintiff who then failed to bring suit within the statutory period.
Here, the affidavits, letters and depositions submitted prior to trial, only show that after receiving notice of plaintiff's injuries at the airport, the plaintiff was then asked to contact the defendant's insurance company. The resulting communication between plaintiff's attorney and the insurance company over the next several months merely concerned the particulars of the accident and the injuries sustained. The insurance company did not admit liability, nor did it promise to compensate plaintiff for her injuries. Since it did not admit liability, promise compensation, or in any other manner indicate that a suit would be unnecessary in order to recover, plaintiff cannot claim that she was entitled to rely upon these noncommittal contacts with the insurance company. We therefore conclude that the trial court was correct in finding estoppel in pais not applicable to this factual situation.
Judgment affirmed.
DWYER and ENOCH, JJ., concur.