### 74102. MURPHY v. FIRST NATIONAL BANK.
(357 SE2d 266)

BANKE, Presiding Judge.

The appellee bank sued the appellant to recover the balance due on a promissory note payable by its terms on demand. This appeal is from the grant of the bank's motion for summary judgment. *Held*:

1. The appellant contends that as the result of the bank's acceptance of "repeated, late and irregular payments" on the note, a quasi new agreement was created pursuant to OCGA § 13-4-4, requiring the bank to notify him of its intention to rely on "the exact terms of the agreement" prior to filing suit. It is quite unclear to this court how payments made under a demand note containing no repayment schedule could ever be considered late or how the acceptance of "irregular" payments on such an obligation could ever be deemed to vary its terms. " 'A note payable on demand is due immediately after delivery without further notice or demand. . . .' (Cit.) . . . Thus, the only 'duty' under the U.C.C. on a holder of a demand instrument is to seek enforcement of the instrument which is on its face 'immediately' due and payable within the applicable statute of limitation." *Fulton Nat. Bank v. Willis Denney Ford*, 154 Ga. App. 846, 849 (269 SE2d 916) (1980). See also *Stone v. First Nat. Bank of Atlanta*, 159 Ga. App. 812 (2) (285 SE2d 207) (1981).

Moreover, the record reflects without dispute that prior to filing the present action the bank's attorney did in fact notify the appellant, by certified mail, that the entire balance of the note had been declared due. Thus, even assuming *arguendo* that the bank somehow managed to obligate itself to provide the appellant with notice of its intention to enforce the note, it is evident that it fulfilled that obligation.

2. Asserting that the note was a renewal of a previous note on which several other individuals, including Mrs. Peggy B. Murphy, were also liable, and citing the principle that the release of one joint obligor on an indebtedness operates to release the others (see OCGA §§ 11-3-606 (1) (a); 13-4-80), the appellant contends that the bank released him from further liability on the indebtedness by failing to procure Mrs. Murphy's signature thereon as co-maker. This contention is without merit, as Mrs. Murphy's failure to sign the note obviously does not, in and of itself, evince any intention on the part of the bank to release her from any liability she may have had on the underlying indebtedness. To the extent the appellant contends in this enumeration of error that the bank violated an alleged oral promise to

him to obtain Mrs. Murphy's signature on the note, he has asserted no defense because the note is by its terms an unconditional promise to pay, and parol evidence cannot be used to vary its terms or impose additional conditions not apparent on its face. See *Whiteside v. Douglas County Bank*, 145 Ga. App. 775 (2) (245 SE2d 2) (1978).

3. The appellant contends that the trial court was precluded from granting summary judgment to the bank due to the pendency of a counterclaim which he had filed seeking to recover actual and punitive damages from the bank in an amount exceeding the balance alleged to be owed on the note. This counterclaim was premised on the appellant's allegation that, by accepting certain payments he had made on the note, the bank, having by its conduct released and discharged him from the indebtedness, unlawfully converted his money. It necessarily follows from our rulings in Divisions 1 and 2 of this opinion, that this allegation is groundless. Consequently, this enumeration of error is without merit.

4. The appellant contends that the trial court erred in failing to hold a hearing on the bank's summary judgment motion in accordance with OCGA § 9-11-56. However, there is no indication in the record that the appellant ever requested such a hearing, as required by Rule 6.3 of the Uniform Rules of the Superior Courts, 253 Ga. 801, 817. It follows that this enumeration of error is also without merit. See *Kelley v. First Franklin Fin. Corp.*, 256 Ga. 622 (351 SE2d 443) (1987).

5. The appellant contends that the trial court erred in failing to consider certain depositions which, though filed of record, remained sealed at the time the court ruled on the summary judgment motion. However, the appellant has cited us to no testimony in the depositions which might create a material issue of fact with respect to his liability on the note. Accordingly, this contention establishes no ground for reversal. See *Miller Grading Contractors v. Ga. Fed. &c. Assn.*, 247 Ga. 730 (3), 734 (279 SE2d 442) (1981); *Eunice v. Citicorp Homeowners*, 167 Ga. App. 335 (2) (306 SE2d 395) (1983).

6. The appellant's final contention is that an affidavit submitted by the bank's president to establish the balance owed on the note was deficient because it was purportedly based on a review of the bank's books and records pertaining to the indebtedness yet was not accompanied by properly authenticated copies of such records. This contention is also without merit. We can conceive of no reason why the bank's president would not be competent to establish the balance due on the note, and in the absence of any contrary evidence offered by the appellant tending to refute or cast doubt on the correctness of the figures provided by him, we hold that the trial court was entitled to accept those figures as accurate for summary judgment purposes. Accord *Ga. Grain &c. Co. v. First Ga. Bank*, 142 Ga. App. 709 (236

SE2d 913) (1977).
*Judgment affirmed. Carley and Benham, JJ., concur.*

DECIDED APRIL 17, 1987 —
REHEARING DENIED MAY 4, 1987 —

*James D. Hudson*, for appellant.
*Jimmy J. Boatright*, for appellee.