74558. McKENZIE v. SEABOARD COAST LINE RAILROAD COMPANY et al.
(361 SE2d 235)

McMURRAY, Presiding Judge.

This action for damages was filed by the administratrix of decedent's estate against defendants Seaboard Coast Line Railroad Company and Gleaton, an alleged agent and operator of trains of the corporate defendant. The complaint alleges that the decedent was fatally injured when her automobile was hit by a train negligently operated by defendants.

Defendants each filed their answer and defenses. Subsequently, defendants filed a motion for summary judgment which was served on August 14, 1985, and filed the following day. On January 23, 1987, an order was filed, dated the preceding day, granting defendants' motion for summary judgment. Plaintiff appeals from the grant of summary judgment in favor of defendants. *Held*:

Plaintiff's sole enumeration of error is that the superior court erred in "granting a motion for summary judgment without a hearing and providing plaintiff an opportunity to appear at a hearing." However, as the defendants' motion for summary judgment was decided under the auspices of the Uniform Superior Court Rules, it was not error for the superior court to grant a summary judgment in accordance with Rule 6.3 without an oral argument hearing, where, as in the case sub judice, neither party requested such a hearing. *Dallas Blue Haven Pools v. Taslimi*, 256 Ga. 739 (354 SE2d 160); *Kelley v. First Franklin Fin. Corp.*, 256 Ga. 622 (351 SE2d 443); *Murphy v. First Nat. Bank*, 182 Ga. App. 788, 789 (4) (357 SE2d 266); *Spikes v. Citizens State Bank*, 179 Ga. App. 479, 480 (1) (347 SE2d 310).

*Judgment affirmed. Sognier, J., concurs. Beasley, J., concurs specially.*

Beasley, Judge, concurring specially.

I fully agree.

Compare *Goodwin v. Richmond*, 182 Ga. App. 745 (2) (356 SE2d 888) (1987), where a request for hearing on a summary judgment motion was made and the Court held that notice of the hearing date was required to be served on the opponent. Where no hearing is requested, as here, no one must notify the opponent that the motion will be decided without a hearing. No procedural unfairness is occasioned by casting the burden on the party who desires a hearing to initiate one, by simple request.

DECIDED SEPTEMBER 15, 1987.

*Alvin C. McDougald*, for appellant.
*John T. Croley, Jr.*, for appellees.