**MOUNTAINWOOD CONDOMINIUM HOMEOWNERS ASSOCIATION, Plaintiff–Intervenor–Appellant,**

v.

**CAL–COLORADO, a general partnership, Defendant–Appellee.**

No. 87CA0600.

Colorado Court of Appeals, Div. III.

Nov. 10, 1988.

David M. Thorson, Breckenridge, for plaintiff-intervenor-appellant.

Mosley, Wells, Johnson & Ruttum, P.C., Philip E. Johnson, Joseph B. Dischinger, Denver, for defendant-appellee.

CRISWELL, Judge.

Mountainwood Condominium Home-owners Association (the Association), which was an intervenor in the trial court, appeals the summary judgment entered in favor of defendant, Cal–Colorado (the developer), based upon the running of the statute of limitations against the Association's claims. The Association asserts that: (1) its complaint in intervention relates back to the date of the filing of the initial complaint in the case; (2) the developer made an independent promise that was breached for which the Association made claim within the pertinent period of limitations; and (3) the developer is equitably estopped from asserting the statute of limitations as a defense. We affirm.

Patricia A. and Johnston R. Livingston (the Livingstons), as owners of a unit in a condominium project constructed by the developer, sued the developer in April 1981, alleging that defects both in their unit and in the common areas had resulted in a substantial decrease in the market value of their unit. Thereafter, negotiations took place between the developer, the Livingstons, and the Association, which manages the common areas, concerning repair of all the defects alleged by the Livingstons, as well as other defects. Ultimately, the developer corrected most of these defects or paid the Association for their repair. However, certain alleged defects in the common area remained unrepaired.

Shortly before a scheduled trial of the Livingstons' claims in October 1982, they and the developer reached an amicable settlement and the Livingstons' claims were dismissed. This settlement left some of the alleged defects in the common area uncorrected, however.

On October 18, 1982, three days prior to the entry of the order dismissing the Livingstons' claims, the Association filed its motion to intervene. This motion was unaccompanied by a proposed pleading, as required by C.R.C.P. 24(c), and was not disposed of before the court's dismissal of the Livingstons' claims.

However, the Association's motion was ultimately granted in April 1984, some 18 months after it was filed, and it filed its complaint in intervention in June 1984. The two claims asserted against the developer in this complaint were based upon alleged defects in the common areas that were the same as, or similar to, the defects alleged in the Livingstons' complaint. The Association's first claim alleged that the existence of the defects constituted a breach of the developer's implied warranty of workmanlike construction and the second claim relied upon the developer's January 1982 promise to repair certain defects as estopping it from denying liability for other defects.

After considering affidavits from both parties, the trial court granted the developer's motion for summary judgment, concluding that the undisputed facts demonstrated that the Association knew of the defects as of July 1979; that the developer took no affirmative action upon which the Association could have justifiably relied in not filing suit within two years from that date; that the claims asserted by the Association in its 1984 complaint did not relate back to the date that the Livingstons' complaint was initially filed; and consequently, that the Association's claims were barred by the two-year statute of limitations contained within § 13–80–104, C.R.S. (1987 Repl.Vol. 6A) (formerly § 13–80–127, C.R.S.).

### I.

The Association first argues that its complaint in intervention should be deemed to relate back to the date of the filing of the Livingstons' complaint. We disagree.

■ The general rule for relation back is that a suit commenced before the statutory limitation period has expired inures to the benefit of an intervenor for a claim filed after the period's expiration, if the intervenor is not asserting an independent claim or if he has a community of interest with the original plaintiff. *Kansas Electric Power Co. v. Janis,* 194 F.2d 942 (10th Cir.1952).

■ Here, however, although some defects relied upon by the Association were the same as those relied on by the Livingstons, the Livingstons sought damages for harm to the value of their unit only, while the Association sought damages for harm to the value of the common elements. Moreover, the Livingstons' suit was not brought for the benefit of the Association and the Association was not an owner of any interest in the Livingstons' individual unit. The Association's intervention, therefore, was not merely incidental to the case already pending, and the trial court properly concluded that its claims, although based on similar facts, were separate from the Livingstons' claims. *See Leachman v. Beech Aircraft Corp.,* 694 F.2d 1301 (D.C. Cir.1982) (where, in connection with airplane accident, plaintiff sought damages for husband's death and corporation sought damages for value of aircraft, corporation could not be added to plaintiff's tort action after statute of limitations had run).

### II.

■ The Association alleges that, as a result of negotiations on January 22, 1982, the developer agreed to undertake the repair of certain defects and that the developer thereafter breached this agreement. Thus, it is asserted that the Association's claim based upon this agreement was filed in apt time. However, § 13–80–113, C.R.S. (1987 Repl.Vol. 6A) (formerly § 13–80–125, C.R.S.), provides that an acknowledgment or promise cannot be evidence of a new or continuing contract sufficient to bar application of the statute of limitations unless it is in writing. Here, the Association did not assert that this agreement was evidenced by any writing, and therefore, the bar of the limitations statute would not be affected by the alleged oral agreement. *Van Diest v. Towle,* 116 Colo. 204, 179 P.2d 984 (1947).

### III.

In its opposition to summary judgment, the Association also asserted that the developer was estopped by its prior actions from relying upon the statute of limitations

as a defense. The trial court, however, concluded that the character of the developer's prior negotiations did not amount to the type of affirmative conduct required to establish an equitable estoppel.

A party who relies to his detriment on the affirmative promise or representation of another may invoke the doctrine of equitable estoppel if the promissor reasonably expects to induce action or forbearance of a material nature by his actions. *Ralston Oil & Gas Co. v. July Corp.*, 719 P.2d 334 (Colo.App.1985).

 Application of the doctrine of equitable estoppel may prevent the assertion of a statute of limitations defense. *Klamm Shell v. Berg*, 165 Colo. 540, 441 P.2d 10 (1968). However, one cannot rely upon mere noncommittal acts of the other party to establish an estoppel against a party who raises the statute as a defense. *Lee v. Denver*, 29 Colo.App. 256, 482 P.2d 389 (1971).

Here, the Association relied upon a letter from the developer's attorney as an indication of the type of actions taken by the Association which it claimed resulted in an estoppel. The letter, however, did not commit the developer to take action on any defects, but rather said that it "has not failed to perform anything which [it] agreed to do." Nothing in this letter, nor in any of the other factual allegations made by the Association in response to the developer's motion, described the type of affirmative conduct required to establish an equitable estoppel. Agreement to remedy certain defects did not estop the developer from asserting the statute as a defense against a claim based upon other defects. *See Lee v. Denver, supra.*

After the trial court entered summary judgment for the developer, the Association filed a motion for reconsideration which was accompanied by a supplemental affidavit that contained substantially more information upon this issue of estoppel than the Association had presented to the court prior to its ruling. This information was not presented within the time set for the filing of counter-affidavits by C.R.C.P. 56(e). Also, from its face, it is clear that the information was not "newly discovered" under C.R.C.P. 59(a)(4), and the Association made no showing of any proper reason why the information was not sooner presented. Further, the record does not reflect that the trial court gave consideration to this material, since it did not enter an explicit order denying the Association's motion, but it was deemed denied pursuant to C.R.C.P. 59(j). In the light of these circumstances, we have not considered the information contained in this supplemental affidavit. *See Clarke v. Montgomery Ward & Co.*, 298 F.2d 346 (4th Cir.1962).

JUDGMENT AFFIRMED.

TURSI and JONES, JJ., concur.