Patricia A. SAMPLES–EHRLICH,
Plaintiff–Appellee,

v.

Michael SIMON, Defendant–Appellant.

No. 93CA0819.

Colorado Court of Appeals,
Div. I.

May 5, 1994.

Epperson, McClary, Zorn & McClary, Edward L. Zorn, Fort Morgan, for plaintiff-appellee.

W. Edward Pabst, Brush, for defendant-appellant.

Opinion by Judge NEY.

In this action to collect money owed on a promissory note, defendant, Michael Simon, appeals from the judgment in favor of plaintiff, Patricia A. Samples–Ehrlich. We reverse and remand.

Defendant signed a promissory note in favor of plaintiff's assignors for $6,000 in January 1984. The note provided that it was "due on demand" and that it would bear interest at eight per cent from January 1984 until due. It further provided that, if the note was not paid when due, interest would accrue at 12 per cent per year until it was paid. Finally, the note provided for reasonable attorney fees in the event of a collection suit.

Defendant made no payments on the note. The original payees assigned the note to plaintiff on October 5, 1990. In January 1992, plaintiff's counsel sent defendant a written demand for full payment of the note, with interest.

Plaintiff's complaint was not filed until November 1992. Defendant filed an answer admitting execution of the note but asserting, among other defenses, that plaintiff's claims were barred by the statute of limitations.

At trial, the original payees did not testify. Plaintiff testified that, when she asked defen-

dant about the debt in 1989 and 1991, he said he did not have the money but would pay when he could. Defendant testified that, in 1991, he told plaintiff he intended to repay the loan but could not do so at that time. He further testified that, in discussions with the original payees, the agreement was that defendant would repay the loan as soon as he could.

In written findings, the trial court determined that the original payees made no attempts to collect the note before they assigned it to plaintiff in October 1990. It further determined that, in 1989 and 1991, while defendant was without financial resources, he orally acknowledged the validity of the debt and promised to pay it. In addition, the court found that the payees and plaintiff "continued to wait for the payments" and made no demand for payment until 1992.

The court determined that the payees' cause of action on the demand instrument commenced to run on the day the note was issued and that plaintiff's action had not been initiated within the statutory limitation period. Nevertheless, relying upon *Langdon v. Langdon*, 47 Cal.App.2d 28, 117 P.2d 371 (1941), the court concluded, "although the statute of limitations has run, the parties relied upon the defendant's promises to pay to their detriment."

Accordingly, the trial court entered judgment in favor of plaintiff for $11,448.20 including principal, interest, attorney fees, and costs.

## I.

Defendant contends that the trial court erred in entering judgment in plaintiff's favor. In support of his contention, he argues that plaintiff's action was barred by the six-year statute of limitations and that the time for bringing an action to collect the note expired in January 1990. He further contends that his oral acknowledgment of the debt was insufficient to estop him from asserting the statute of limitations. We agree.

In appropriate circumstances, application of the doctrine of equitable estoppel may prevent the assertion of a statute of limitations defense. *Mountainwood Condomini-*

*um Homeowners Ass'n v. Cal–Colorado*, 765 P.2d 1066 (Colo.App.1988).

However, an acknowledgment or promise cannot be evidence of a new or continuing contract sufficient to bar application of the statute of limitations unless it is in writing. Section 13–80–113, C.R.S. (1987 Repl.Vol. 6A). Here, because there was no evidence that defendant's alleged promises were evidenced by any writing, those agreements were insufficient to preclude the operation of the limitations statute. *See Mountainwood Condominium Homeowners Ass'n v. Cal–Colorado, supra.*

Thus, in Colorado, unlike the 1941 California rule set forth in *Langdon v. Langdon, supra,* the debtor's oral acknowledgment of an existing debt and the payee's forbearance based upon the debtor's lack of resources, standing alone, are not sufficient to invoke the doctrine of equitable estoppel. *See Van Diest v. Towle,* 116 Colo. 204, 179 P.2d 984 (1947) (willingness to pay conditioned upon future receipt of money is not sufficient to preclude statute from running); *Cooper v. First Interstate Bank,* 756 P.2d 1017 (Colo.App.1988).

In some instances, equity will toll a statute of limitations if a party fails to disclose information that he or she is legally required to reveal and the other party is prejudiced thereby. However, in order for a statute of limitations to be tolled because of equitable considerations, it is the plaintiff's burden to establish that defendant's actions prevented him or her from filing a timely claim. *Garrett v. Arrowhead Improvement Ass'n,* 826 P.2d 850 (Colo.1992). If there is no evidence to demonstrate that defendant engaged in any conduct which adversely affected the filing of the plaintiff's claim, a court may not apply the doctrine of equitable tolling. *See Sharp Bros. Contracting Co. v. Westvaco Corp.,* —— P.2d —— (Colo.App. No. 92CA1772, January 13, 1994).

Here, we conclude that the doctrine of equitable tolling does not apply. As the trial court found, the original payees failed to demand payment because defendant was related to them by marriage and because he

lacked the financial resources to repay the loan. However, there is no evidence that defendant's conduct either misled the original payees or prevented them from filing a timely claim. *See Strader v. Beneficial Finance Co.,* 191 Colo. 206, 551 P.2d 720 (1976). Similarly, there is no finding that any conduct by defendant prevented either the payees or plaintiff from knowing the facts. *See Cooper v. First Interstate Bank, supra.*

Accordingly, the trial court erred as a matter of law in its implicit holding that defendant was equitably estopped from relying upon the statute of limitations.

### II.

In support of the judgment, however, plaintiff argues that her cause of action is governed by § 13–80–108(4), C.R.S. (1987 Repl.Vol. 6A) and that no claim for relief on the note could have accrued until she demanded payment in 1992. We disagree.

■ The statute of limitation in effect when a cause of action accrues governs the time within which a civil action must be commenced. *Rauschenberger v. Radetsky,* 745 P.2d 640 (Colo.1987). Further, prior to July 1, 1986, the statute of limitations on a promissory note payable on demand began to run on the date the note was executed. *See Kirby v. Bourg,* 165 Colo. 500, 440 P.2d 151 (Colo.1968); *Wasinger v. Reid,* 705 P.2d 533 (Colo.App.1985); *see also* § 4–3–122(1)(b), C.R.S. (1992 Repl.Vol. 2) (a cause of action against the maker of a demand instrument accrues upon the date of issue).

■ Here, the trial court found, on undisputed evidence, that plaintiff signed the demand note in January 1984. Thus, under the law as it existed prior to 1986, the original payees' claim for relief on the demand note accrued in January 1984. At that time, the applicable statute of limitations, § 13–80–110(1)(a), C.R.S., provided that all actions of debt were to be commenced within six years after the cause of action accrued. Accordingly, the statutory time limit for bringing an action on the note expired in 1990, before the original payees assigned the note to plaintiff.

The statute relied upon by plaintiff took effect on July 1, 1986, and applies only to claims for relief arising on or after that date. Further, in adopting that provision, the General Assembly declared that any action commenced on or after July 1, 1986, to assert a claim for relief arising before July 1, 1986, must be commenced within the time limits applicable to such claim when it arose. Colo. Sess.Laws 1986, ch. 116, § 23(1), p. 709.

Accordingly, we conclude that the trial court correctly determined that plaintiff's claims were statutorily barred.

### III.

Plaintiff further argues that the note was not "the classic demand note," but that it was conditioned upon defendant's ability to satisfy the note. In support of this argument, plaintiff relies upon *Baxter v. Beckwith,* 25 Colo.App. 322, 137 P. 901 (1914) for the proposition that, when the conduct of the parties shows that the note was not intended to become due and actionable until after demand for payment, the statute does not commence to run until demand was made.

However, we conclude that, at least as far back as 1965, the rule in *Baxter v. Beckwith* was superseded by statutes which provide that a cause of action against the maker of a demand instrument accrues on the date it is issued. *See* § 4–3–122(1)(b), C.R.S. (1992 Repl.Vol. 2) (unchanged since Colo.Sess.Laws 1965, ch. 330, § 1, p. 1352). Accordingly, this contention is also rejected.

The judgment is reversed, and the cause is remanded to the trial court with directions to dismiss the complaint.

BRIGGS and ROY, JJ., concur.