**LENDERS COLLECTION CORPORATION,**
Appellant,

v.

**Jacky R. HARRIS and Deborah L. Harris, Appellees.**

No. 85403.

Court of Appeals of Oklahoma,
Division No. 1.

June 27, 1995.

Debra L. Chionopoulos, Oklahoma City, for appellant.

Richard Butner, Wewoka, for appellees.

### MEMORANDUM OPINION

CARL B. JONES, Judge:

Appellant, Lenders Collection Corporation, seeks review of a summary judgment granted against it on the basis that its claims were barred by the statute of limitations. Specifi-

cally, one issue is presented by this appeal; should the six year limitations period of 12A O.S.1991 § 3–118(a) be given retroactive effect and applied hereto? We believe it should.

Appellant's petition sought recovery from Appellees for money due on a promissory note. Appellee, Deborah Harris, one of the makers of the note, admitted in an affidavit that no payments were made on the note after May 8, 1989. Thereafter, the note was in default. The petition to collect on the note was filed July 19, 1994, more than five, but less than six years after the cause of action accrued. Appellees' Motion for Summary Judgment argued that the action was barred by the five year statute of limitations set forth in 12 O.S.1991 § 95(1).[1] Appellant, however, disagrees and claims there is a six year period of limitations which applies and which is found at 12A O.S.1991 § 3–118(a).[2] This is a new statute that began operative effect on January 1, 1992. If applicable, the suit was timely filed within the six year period of limitations prescribed therein.

■ Our Supreme Court has, on several occasions, held that statutes of limitations are viewed as procedural, rather than substantive. *Trinity Broadcasting Corp. v. Leeco Oil Co.*, 692 P.2d 1364, 1366 (Okla.1984); *Marley Cooling Tower Co. v. Cooper*, 814 P.2d 472, 475 (Okla.1991). In both those cases it was held that new or amended statutes of limitation increasing the limitations period would be applied retroactively. And, if the claim was not yet barred under the old, shorter limitations period, the new period would be applicable as a mere procedural change.

■ Such is the situation here. When § 3–118(a) took effect on January 1, 1992, Appellant's claim was not yet barred under § 95(1). The § 3–118(a) six year period thus became applicable to Appellant's claim. Fur-

---

1. "Civil actions other than for the recovery of real property can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:

    1. Within five (5) years: An action upon any contract, agreement or promise in writing." 12 O.S.1991 § 95(1).

2. "(a) Except as provided in subsection (e) of this section, an action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within six (6) years after the due date or dates stated in the note or, if a due date is accelerated, within six (6) years after the accelerated due date." 12A O.S.1991 § 3–118(a).

ther, although § 95 was not repealed, to the extent it conflicts with § 3–118(a) in suits on promissory notes, § 3–118(a) will control because it is the more specific of the two statutes. E.g., *Carter v. City of Oklahoma City*, 862 P.2d 77, 80 (Okla.1993). (Where two statutory provisions differ, one of which is special and clearly includes the matter in controversy, and the other is general, the special statute applies.); *City of Tulsa v. Smittle*, 702 P.2d 367, 371 (Okla.1985).

The trial court erred in applying the five year statute of limitations found in 12 O.S. § 95(1) rather than the six year period set forth in 12A O.S. § 3–118(a). Under the applicable six year period, Appellant's suit is not barred. The order granting summary judgment is accordingly reversed and the case remanded to the trial court for further proceedings.

REVERSED AND REMANDED.

HANSEN, P.J., and JOPLIN, J., concur.