A96A0987. JOHNSON v. HODGE.
(477 SE2d 385)

RUFFIN, Judge.

On February 8, 1991, Latrelle Hodge filed a complaint against John Johnson for money allegedly due under a promissory note executed by Johnson. Under the note, which was dated October 12, 1984, Johnson promised to pay Hodge "the sum of $46,250 . . . with interest from 12 Oct. '84 at the rate of 12% per cent per annum until paid in full." Although the note required interest to be paid annually, it did not state when the principal was due. Johnson never made any payments under the note, and prior to filing this suit, Hodge never demanded that Johnson pay the note. At trial, Johnson moved for a directed verdict on the ground that Hodge's complaint was not filed within the applicable statute of limitation. The trial court denied Johnson's motion, and the jury awarded Hodge $46,250. Johnson appeals, asserting 16 enumerations of error. For reasons which follow, we reverse.

1. Johnson asserts that the trial court erred in denying his

---

motion for directed verdict because the evidence showed that the statute of limitation expired. We agree.

A directed verdict should be granted "[w]here there is no conflict in the evidence as to any material issue, and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict. . . ." (Citation and punctuation omitted.) *Harrison v. Martin*, 213 Ga. App. 337, 341 (1) (444 SE2d 618) (1994).

The disputed issues in this case are governed by the Commercial Paper provisions of the Uniform Commercial Code ("UCC"). OCGA § 11-3-101 et seq. Under the UCC, the note at issue is a demand note. Although the note does not state that it is a demand note, the UCC provides that "[a] promise or order is 'payable on demand' if it (i) states that it is payable on demand or at sight, or otherwise indicates that it is payable at the will of the holder; or (ii) *does not state any time of payment*." (Emphasis supplied.) OCGA § 11-3-108 (a). Such note is due immediately after delivery, without further notice or demand. *Murphy v. First Nat. Bank*, 182 Ga. App. 788 (1) (357 SE2d 266) (1987), overruled on other grounds, *Taquechel v. Chattahoochee Bank*, 260 Ga. 755 (1) (400 SE2d 8) (1991).

When this suit was filed in 1991, the UCC provisions concerning the statute of limitation for demand notes were substantially different than at present. Effective July 1, 1996, the UCC's Commercial Paper provisions were amended. See Ga. L. 1996, p. 1306, § 3. These amendments significantly extended the limitation period for actions on demand notes. OCGA § 11-3-118 (b) now provides in pertinent part that "if demand for payment is made to the maker of a note payable on demand, an action to enforce the obligation of a party to pay the note must be commenced within six years after the demand. If no demand for payment is made to the maker, an action to enforce the note is barred if neither principal nor interest on the note has been paid for a continuous period of ten years." Because no demands or payments were ever made in this case, the amended statute would have provided for a ten-year statute of limitation.

Hodge, however, cannot rely on the amended statute. " '[I]t has been held by the Supreme Court and this court that a statute is not to be construed retroactively in operation *unless the language of the statute imperatively requires it*. (Cits.)' [Cit.]" *Loveless v. Grooms*, 180 Ga. App. 424, 425 (349 SE2d 281) (1986). OCGA § 11-3-118 contains no such language.

Rather, the limitation period in this case is governed by the former version of the UCC. Under that version a cause of action for payment on a demand note accrued "upon its date or, if no date is stated, on the date of issue." Former OCGA § 11-3-122 (1) (b). Because the note in this case was dated October 7, 1984, under OCGA § 11-3-122 (1) (b) Hodge's cause of action on the note accrued on that date. Fur-

thermore, when the instant suit was filed, the limitation period was governed by OCGA § 9-3-24. That statute provides that "[a]ll actions upon promissory notes, drafts, or other simple contracts in writing shall be brought within six years after the same become due and payable." Accordingly, under the former version of the UCC, Hodge's complaint, which she filed on February 8, 1991, was not filed within the applicable statute of limitation.

Hodge contends, however, that the statute of limitation did not expire because the parties agreed that Johnson could satisfy the note later than six years after the date of the note. In support of her argument, Hodge cites her testimony that she told Johnson "that no definite time was set up for payment of the interest or the principal, that [she] would work with him and [she] would be glad to do everything [she] could." Although Hodge cites authority which arguably extended the limitation period under such facts, that authority predates Georgia's adoption of the UCC.

In the case relied on, *Smith v. Early*, 60 Ga. App. 506 (3 SE2d 913) (1939), this Court held on reconsideration that "where the money is loaned, payable on demand, there is no rule of law that prevents an express or implied agreement between the parties that their arrangement should continue into the future for a considerable length of time before the plaintiff would be expected to demand his money, even though such contemplated demand may be made beyond the statutory period for bringing such an action." Id. at 511-512. However, in 1962 Georgia adopted the UCC. Ga. L. 1962, p. 156, § 1. The UCC clearly established when a cause of action on a demand note accrued, thereby eliminating such extensions as were provided for in *Smith*. Although a plaintiff at the time *Smith* was decided could delay enforcement of the note, the subsequently adopted UCC placed a duty on Hodge to "seek enforcement of the instrument which [was] on its face 'immediately' due and payable within the applicable statute of limitation." (Citations and punctuation omitted.) *Murphy*, supra at 788. Because the undisputed evidence showed that Hodge did not meet this duty, the trial court erred in failing to direct a verdict for Johnson. See *Woodall v. Hixon*, 154 Ga. App. 844 (2) (270 SE2d 65) (1980), rev'd on other grounds, 246 Ga. 758 (272 SE2d 727) (1980).

2. We find it unnecessary to address the remaining enumerations of error.

*Judgment reversed. McMurray, P. J., and Johnson, J., concur.*

DECIDED OCTOBER 16, 1996.

*Amelia G. Pray, Adele L. Grubbs*, for appellant.

*Barnes, Browning, Tanksley & Casurella, Roy E. Barnes*, for appellee.