**Ann MOTLEY, Plaintiff,**

v.

**Thomas MOTLEY, Defendant.**

**No. CIV. A. 98–391(JEI).**

United States District Court, D. New Jersey.

Aug. 13, 1999.

Gorman & Rauth, by John R. Rauth, Rio Grande, NJ, for Plaintiff.

Law Office of Robert H. Montgomery, by Robert H. Montgomery, Camden, NJ, for Defendant.

## OPINION

IRENAS, District Judge.

Before this court is defendant Thomas Motley's ("defendant") motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(c). Defendant alleges that summary judgement is appropriate because plaintiff Ann Motley's ("plaintiff") claim is barred by the statute of limitations as set fourth in N.J.S.A. 12A:3–122 which requires that an action be com- menced within six years after a note is negotiated.

The plaintiff disagrees and argues that summary judgment is inappropriate because the limitations period of N.J.S.A. 12A:3–118 controls and requires that a case be commended within six years after making a demand or within ten years from the date upon which no payments of principle or interest have been made. Plaintiff argues that this case was filed within this statute's period of limitations. Because this Court finds that N.J.S.A. 12A:3–118 controls, the motion for summary judgment is denied.

## BACKGROUND

The instant action for payment of two promissory notes arises from the following simple and undisputed facts. On April 5, 1991, Thomas Motley executed a promissory note ("Note I") in favor of Ann Motley in the amount of $50,000.00 as consideration for the payment of the sum of $50,-000.00. Subsequently, on September 3, 1991, Thomas Motley executed a second promissory note ("Note II") in favor of plaintiff in the amount of $30,000.00 as consideration for the payment of the sum of $30,000.00. The parties do not dispute that Note I and Note II (collectively referred to as "Notes") are both demand notes.

On July 28, 1997, plaintiff filed an action in Superior Court of New Jersey, Cape May County for payment of the Notes. The complaint however was dismissed on November 21, 1997, because defendant was not subject to the jurisdiction of the Superior Court of New Jersey.

The present action, pleading jurisdiction based on diversity of citizenship, was commenced by plaintiff on August 7, 1998, for payment of the Notes executed by defendant. On July 8, 1999, defendant filed the motion for summary judgement pursuant to Federal Rule of Civil Procedure 56(c).

## STANDARD

Under Fed.R.Civ.P. 56(c), a court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The non-moving party may not simply rest on its pleadings to oppose a summary judgment motion but must affirmatively come forward with admissible evidence establishing a genuine issue of fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In deciding a motion for summary judgment, the Court must construe the facts and inferences in a light most favorable to the non-moving party. *Pollock v. American Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir.1986). The role of the court is not "to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The substantive law governing the dispute will determine which facts are material, and only disputes over those facts "that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248, 106 S.Ct. 2505. Where the moving party has carried its initial burden of demonstrating the absence of a genuine issue of material fact, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

A genuine issue for trial does not exist "unless the party opposing the motion can adduce evidence which, when considered in light of that party's burden of proof at trial, could be the basis for a jury finding in that party's favor." *J.E. Mamiye & Sons, Inc. v. Fidelity Bank*, 813 F.2d 610, 618 (3d Cir.1987) (Becker, J., concurring)

## DISCUSSION

The present motion requires this Court to consider the effect of an amendment to the statute of limitation on a claim for a demand note which note was negotiated prior to passage of the statutory amendment. The defendant argues that the statute of limitation in effect at the time the note was negotiated controls and bars the application of the amended statute of limitation. The plaintiff argues that the amended statute affected a repeal of the earlier statute and, therefore, the amended statute of limitation applies to a claim filed after the amendment's effective date. Because this Court agrees with the defendant, the motion for summary judgment is denied.

N.J.S.A. 12A:3–118 which was made effective in June of 1995 provides:

> If demand for payment is made to the maker of a note payable on demand, an action to enforce the obligation of a party to pay the note must be commenced within six years after the demand. If no demand for payment is made to the maker, an action to enforce the note is barred if neither principal nor interest on the note has been paid for a continuous period of ten years.

Prior to this 1995 amendment, the question of the statute of limitation on a demand note was controlled by N.J.S.A. 12A:3–122 which provided that the statute of limitations for a demand note began to run when the note was issued.

Essentially this Court must determine if defendant correctly argues that the statute of limitations drafted in N.J.S.A. 12A:3–122 applies to the present action and bars recovery since it was in effect at the time the demand note was negotiated. To support this argument, the defendant relies on cases from several other jurisdictions which have dealt with similar amendments. *See S & S Diversified Servs., L.L.C. v. Arguello*, 911 F.Supp. 498, 501 (D.Wyo. 1995) (holding without discussion that revised U.C.C. § 3–118 would not be applied retroactively to *bar* a claim); *Hill v. Ma-*

*yall,* 886 P.2d 1188 (Wyo.1994) (same); *Johnson v. Hodge,* 223 Ga.App. 227, 477 S.E.2d 385 (1996) (holding that the revised section 3–118 would not be applied to a claim filed when the prior statute of limitations was still in effect).

None of the cases cited by the defendants support the application of 12A:3–122 to this case. The first two cases relied on by the defendant, *S & S* and *Hill,* deal with a court's refusal to apply a shorter statute of limitations when the parties relied on the greater statute in effect at the time of the instrument's negotiation. This Court does not disagree with these decisions. That the application of a shorter statute of limitations to reduce the vested rights of a party may violate notions of due process involves a different analysis. This Court in unconvinced that the same violation occurs when a statute of limitations is increased.

It is true that New Jersey protects vested contractual rights from legislative and judicial amendment. *See Holmes v. Russ,* 113 N.J.Super. 445, 447, 274 A.2d 75 (Law Div.1971) ("It has always been held that when a right of action has become barred under existing laws, the right to rely upon the statutory defense is a vested right ... Once the right to rely upon the statutory defense becomes vested it cannot be rescinded or disturbed by subsequent legislation"). However, "there is no vested right in 'the continued existence of a statute or rule of the common law which precludes its change or repeal.'" *D.J.L. v. Armour Pharm. Co.,* 307 N.J.Super. 61, 83, 704 A.2d 104 (Law Div.1997), (quoting *Phillips v. Curiale,* 128 N.J. 608, 620, 608 A.2d 895 (1992)).

In *D.J.L.,* the court explained the difference between a vested right and an expectation:

An "expectation," or a mere "hope", even when reasonably based upon present law, is not a vested right. Until there is a "final disposition of the litigation ... new statutory provisions can constitutionally be applied ..." A right cannot be regarded as vested unless it is something more than a "mere expectation ... based upon an anticipated continuance of the present laws." To be fully vested, there must be "a title, legal or equitable, to the present or future enjoyment of property, or to the present or future enforcement of a demand, or legal exemption from a demand made by another." "Litigation expectations are never final."

In the case at bar the statute of limitations had not vested prior to the passage of N.J.S.A. 12A:3–118 in 1995. Under section 122, the statute would not have expired until 1997, six years after its negotiation. Therefore, when section 118 was passed the defendant did not have a vested statute of limitations defense.

The third case relied on by the defendant is also not apposite. In *Johnson v. Hodge,* the Court of Appeals of Georgia decided not to retroactively apply revised U.C.C. § 3–188. This section had been revised *after* the plaintiffs had filed suit and at which time the defendant had a vested statute of limitations defense. Application of the earlier statute of limitations would have barred the action. Application of the new statute, however, would have divested the defendant's of this defense. Because the statute did not call for retroactive application, the Court declined to apply it in such a manner. *See Johnson,* 477 S.E.2d at 386.

The same Court of Appeals of Georgia distinguished *Johnson* from a case with facts identical to the case at bar. In *McNeal Construction Co. v. Wilson,* 235 Ga.App. 759, 509 S.E.2d 742, 743 (1998), the Court held that it was unnecessary to reach the issue of retroactive application as reached in *Johnson.* While the note in question was negotiated prior to the passage of the new statute of limitations, the case was filed in the Georgia Court *after* the effective date of the passage of the amended statute of limitations. For this reason the Georgia Court held that *Johnson* was not applicable and the new statute

of limitations was being prospectively applied.

Several other courts have reached the same result. *See, e.g., First Commerce of America v. Mr. Travel Agent, Inc.,* Civ. A. No. 940136815, 1995 WL 155424 (Conn.Super.Mar.29, 1995); *Lenders Collection Corp. v. Harris,* 900 P.2d 1022 (Okla.App. 1995); *Wetmore v. Brennan,* 378 So.2d 79 (Fla. 3d DCA 1979); *but see Samples–Ehrlich v. Simon,* 876 P.2d 108 (Colo.App. 1994) (applying statute of limitations in effect at the time of the contract negotiation because repealing statute called for this result).

In *First Commerce,* the Connecticut Superior Court was faced with a statute of limitations defense identical to the one at bar. The plaintiff had attempted to collect on a note negotiated in 1984 on which payment was not demanded until 1993. When the note was negotiated, Connecticut applied a six year statute of limitations which began to run on the date the note was issued. *See* General Statutes § 42a–3–122(1). In 1991, the Connecticut legislature repealed § 42a–3–122(1) in favor of § 42a–3–118(b) which provided that an action to enforce a demand must be commenced within six years of the demand. As the suit was commenced in 1994, after the effective date of the statute, the Court applied § 118, the more beneficial statute of limitations.

In *Samples–Ehrlich v. Simon,* 876 P.2d 108 (Colo.App.1994), the Court was faced with facts similar to those at bar and decided in favor of applying the statute of limitations in existence at the time the note was negotiated. However, this case is easily distinguished. In arriving at its decision, the Court relied on the language of the repealing statute which specifically and unequivocally stated that any case based upon a note negotiated prior to the date of the new statute must comply with the time limits applicable to the notes when negotiated. *See id.* at 111. New Jersey's statute contains no such language. Therefore, this case suggests that absent such clear intent to maintain the prior statute of limitations for notes negotiated prior to the new statute, the new statute controls causes of action filed after the effective date of N.J.S.A. 12A:3–118.

This Court agrees with the other jurisdictions that have faced claims with similar facts and similar repealing statutes. Since the application of N.J.S.A. 12A:3–118 will not divest the defendants of any vested rights and the case was filed after the statute was amended, this Court will apply the statute of limitations found in 12A:3–118. Accordingly, this Court finds that the statute of limitations was not expired when the current suit was filed.

## CONCLUSION

For the reasons stated above, defendant's motion for summary judgment is denied. An appropriate order will be issued on an even date herewith.