Lloyd A. TIDWELL, Betty H. Tidwell, and BLT Consulting, Inc., a dissolved Colorado corporation, Plaintiffs–Appellees,

v.

BEVAN PROPERTIES, LTD., a purported corporation, Defendant–Appellant.

No. 10CA2635.

Colorado Court of Appeals, Div. IV.

Aug. 4, 2011.

Elder & Phillips, P.C., Keith Boughton, Grand Junction, Colorado, for Plaintiffs–Appellees.

Joseph A. Hambright, Grand Junction, Colorado, for Defendant–Appellant.

Opinion by Judge GRAHAM.

Defendant, Bevan Properties, Ltd., appeals the district court's summary judgment in favor of plaintiffs, Lloyd A. Tidwell, Betty H. Tidwell, and BLT Consulting, Inc. Because we conclude, as a matter of first impression, that an action for declaratory judgment of nonliability on statute of limitations grounds is not a claim that triggers Colorado's counterclaim revival statute, section 13–80–109, C.R.S.2010, we affirm.

## I. Background

The relevant facts are undisputed. On May 12, 1998, BLT Consulting executed a promissory note for $65,000 in favor of defendant. The Tidwells personally guaranteed the note.

The note was due and payable on or before October 1, 1998, and was secured by a deed of trust on real estate owned by the Tidwells. The deed of trust was recorded in the local county clerk's office on October 21, 1998. No payment was ever made on the note.

On July 9, 2010, almost twelve years after the note became due, plaintiffs filed this action for declaratory relief requesting that the note, the personal guarantees, and the deed of trust be held unenforceable.

In their compliant, plaintiffs asserted that the note in question was due on October 1, 1998, that no payments had been made on the note, and that by operation of sections 13–80–103.5 and 38–39–207, C.R.S.2010, the applicable statute of limitations had run on October 2, 2004 and the lien created by the deed of trust was extinguished that day. Therefore, plaintiffs sought a declaratory judgment holding the note, the deed of trust, and the lien were invalid. Defendant filed an answer and counterclaim seeking enforcement of the note and foreclosure of the deed of trust.

Plaintiffs filed a motion for summary judgment and defendant filed a cross-motion for judgment on the pleadings. In its response to the summary judgment motion, defendant asserted that the note and deed of trust were revived by the filing of the suit, based upon Colorado's counterclaim revival statute, section 13–80–109. Defendant submitted an affidavit in support of its claim that a genuine issue of material fact existed, stating:

> I spoke with both Betty Tidwell and Louise Forster, the sister of Lloyd Tidwell and a real estate broker representing Plaintiffs, and both acknowledged the debt and requested that Bevan Properties hold off on any action to collect the note until the Tidwells had a chance to sell the property.

The district court entered summary judgment in favor of plaintiffs and denied defendant's motion for judgment on the pleadings.

In its order, the court held that a plaintiff's request for a declaration that potential causes of action are barred by the applicable statute of limitations "presents a special case to which the [counterclaim revival] statute

does not apply." The court further held that defendant's affidavit failed to raise a genuine issue of material fact because, even if true, the statements referenced in the affidavit were not committed to a writing as required by section 13–80–113, C.R.S.2010.

On appeal, defendant contends the district court erred in (1) concluding the counterclaim revival statute did not revive the promissory note and deed of trust; (2) determining no genuine issue of material fact existed to bar summary judgment; and (3) denying its motion for judgment on the pleadings.

## II. Standard of Review

Summary judgment is appropriate only if the pleadings, affidavits, depositions, or admissions in the record establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. C.R.C.P. 56(c); *Andersen v. Lindenbaum*, 160 P.3d 237, 239 (Colo.2007). We review a trial court's grant of summary judgment de novo. *Cotter Corp. v. Am. Empire Surplus Lines Ins. Co.*, 90 P.3d 814, 819 (Colo.2004).

## III. Counterclaim Revival Statute

On appeal, defendant contends the counterclaim revival statute, section 13–80–109, applies in cases where a plaintiff brings a declaratory relief action based upon expiration of the statute of limitations. Because we conclude such an action does not trigger the counterclaim revival statute, we disagree.

In construing statutory language, we endeavor to determine and give effect to the intent of the General Assembly, and, in doing so, we look primarily to the plain language of the statute. *USA Tax Law Ctr., Inc. v. Office Warehouse Wholesale, LLC*, 160 P.3d 428, 431 (Colo.App.2007). "There is a presumption that the General Assembly intends a just and reasonable result when it enacts a statute, and a statutory construction that defeats the legislative intent will not be followed." *Kauntz v. HCA–Healthone, LLC*, 174 P.3d 813, 816 (Colo.App.2007). We must adopt a construction that will serve the purposes underlying the statute, and we avoid interpretations that lead to an absurd result.

*Wolf Creek Ski Corp. v. Bd. of County Comm'rs,* 170 P.3d 821, 826 (Colo.App.2007); *Gumina v. City of Sterling,* 119 P.3d 527, 530 (Colo.App.2004). If the language of a statute "is clear and the intent of the General Assembly may be discerned with certainty, we need not resort to other rules of statutory interpretation." *W. Fire Truck, Inc. v. Emergency One, Inc.,* 134 P.3d 570, 573 (Colo.App.2006).

We review de novo a trial court's interpretation of a statute. *Fischbach v. Holzberlein,* 215 P.3d 407, 409 (Colo.App.2009).

In Colorado, the general six-year limitations statute applies to promissory notes. *See* § 13–80–103.5 (all actions to recover a liquidated debt shall be commenced within six years after the cause of action accrues); *Mortg. Invs. Corp. v. Battle Mountain Corp.,* 70 P.3d 1176, 1184 (Colo.2003) ("An action for default on a promissory note falls within the six-year statute of limitations period."). If after a debtor defaults on a promissory note, a creditor fails to sue to enforce the note within the six-year limitations period, the creditor's right to foreclose on the deed of trust lien is extinguished. § 38–39–207 ("The lien created by any instrument shall be extinguished, regardless of any other provision in this article to the contrary, at the same time that the right to commence a suit to enforce payment of the indebtedness or performance of the obligation secured by the lien is barred by any statute of limitation of this state."); *Mortg. Invs. Corp.,* 70 P.3d at 1185; *Rossi v. Osage Highland Dev., LLC,* 219 P.3d 319, 322 (Colo.App.2009) ("By its plain terms, this statute does not merely affect a creditor's ability to enforce a lien. It destroys the lien.").

Here, the promissory note became due on October 1, 1998. Thus, on October 2, 2004, an action on note was barred by the statute of limitations, and the lien created by the deed of trust was extinguished. Defendant does not contend otherwise. Instead, defendant argues that by operation of section 13–80–109, when plaintiffs filed the current action seeking declaratory relief, they revived the right of action on the promissory note and deed of trust.

Colorado's counterclaim revival statute, section 13–80–109, states:

> Except for causes of action arising out of the transaction or occurrence which is the subject matter of the opposing party's claim, the limitation provisions of this article shall apply to the case of any debt, contract, obligation, injury, or liability alleged by a defending party as a counterclaim or setoff. A counterclaim or setoff arising out of the transaction or occurrence which is the subject matter of the opposing party's claim shall be commenced within one year after service of the complaint by the opposing party and not thereafter.

We conclude that the plain language of the statute is clear and unambiguous, and, therefore, that an action for declaratory judgment of nonliability on statute of limitations grounds is not a claim within the coverage of the counterclaim revival statute.

The word "claim" in the statute refers to a "claim for relief" as understood in the context of the rules of procedure and case law dealing with claims. *See* C.R.C.P. 8(a) (entitled "claims for relief" and detailing the necessary elements to assert a civil claim, *counterclaim,* cross-claim, or third-party claim in Colorado); *Corporon v. Safeway Stores, Inc.,* 708 P.2d 1385, 1388 (Colo.App.1985) (a claim is defined as "the aggregate of operative facts which give rise to a right enforceable in the courts"); *see also Black's Law Dictionary* 282 (9th ed. 2009) (defining claim as "[a] demand for money, property, or a legal remedy to which one asserts a right").

Those cases which have interpreted section 13–80–109 have focused on the nature of the counterclaim asserted, without addressing the type of relief the plaintiff sought. *See, e.g., Plains Metropolitan Dist. v. Ken–Caryl Ranch Metropolitan Dist.,* 250 P.3d 697, 702 (Colo.App.2010) (the purpose of the counterclaim revival statute is to allow a party to assert time-barred compulsory counterclaims in certain circumstances); *Duell v. United Bank,* 892 P.2d 336, 340–41 (Colo.App.1994) (a plaintiff who institutes litigation cannot reassert time-barred claims by repleading them as counterclaims).

■ In contrast, a declaratory judgment is "[a] binding adjudication that establishes the rights and other legal relations of the parties *without providing for or ordering enforcement.*" *Black's Law Dictionary* 918 (emphasis added). In Colorado, C.R.C.P. 57 governs declaratory judgments:

District ... courts ... shall have power to declare rights, status, and other legal relations *whether or not further relief is or could be claimed.* No action or proceedings shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree.

C.R.C.P. 57(a) (emphasis added). "The primary purpose of the declaratory judgment procedure is to provide a speedy, inexpensive, and readily accessible means of determining actual controversies which depend on the validity or interpretation of some written instrument or law." *Toncray v. Dolan,* 197 Colo. 382, 384, 593 P.2d 956, 957 (1979); *see* C.R.C.P. 57(k) ("This Rule is declared to be remedial; its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and is to be liberally construed and administered.").

■ Thus, while a claim seeks relief, an action for declaratory judgment of nonliability on statute of limitations grounds seeks only a declaration of the existing rights between the parties and does not seek any further relief. Therefore, such a declaratory judgment action is not a "claim" triggering the counterclaim revival statute because it does not seek affirmative relief against the defendant. In our view, the statute contemplates a plaintiff making a claim seeking relief which alters the existing relationship between the parties, not merely declaring what that relationship is. *Cf. Plains Metropolitan Dist.,* 250 P.3d at 702 (revival turns on whether the counterclaim is a compulsory one); *Rossi,* 219 P.3d at 322 ("If the claim was barred by a statute of limitations, it can be revived because a limitations statute affects, not the underlying claim, but only the

ability to enforce that claim."); *see Holman Street Baptist Church v. Jefferson,* 317 S.W.3d 540, 545 (Tex.App.2010) ("[I]f a plaintiff files an action seeking only a declaration that the defendant would be barred by a statute of limitations if it chose to bring a particular cause of action, the defendant could not use [a counterclaim revival statute] to then bring the otherwise time-barred cause of action.").

Furthermore, were we to hold that section 13–80–109 revives claims which a plaintiff seeks declared barred by the statute of limitations, the result would be that a plaintiff would never be able to seek a declaratory judgment based on limitations grounds because a defendant would always be able to use section 13–80–109 to defeat such a suit. *See Hamilton v. Cunningham,* 880 F.Supp. 1407, 1414 (D.Colo.1995) ("Permitting plaintiff to revive a claim in response to an action for a declaration of nonliability would lead to the 'incongruous result' of precluding entirely suits for declaratory judgment on limitations grounds in jurisdictions with revival statutes."). Such an interpretation would not serve the purpose of the statute and would lead to an absurd result. *See Wolf Creek Ski Corp.,* 170 P.3d at 826; *Gumina,* 119 P.3d at 530; *see also Hamilton,* 880 F.Supp. at 1414 (to adopt the above interpretation would be "illogical and unsound").

Therefore, because we hold that an action for declaratory judgment of nonliability based on statute of limitations grounds is not a "claim" triggering the counterclaim revival statute, we conclude the district court correctly granted summary judgment in favor of plaintiffs.

## IV. Remaining Contentions

### A. Affidavit Asserting Issue of Material Fact

■ Defendant contends that irrespective of our interpretation of the counterclaim revival statute, the allegations contained in the affidavit it submitted to the district court raised a genuine issue of material fact. We disagree.

The affidavit defendant submitted purported to establish that the parties had agreed to

extend the payment of the note and therefore tolled the payment period.

The district court concluded that defendant failed to present any admissible evidence that could demonstrate that the limitations period was tolled by agreement of the parties.

Section 13–80–113 states:

No acknowledgment or promise shall be evidence of a new or continuing contract sufficient to take a case out of the operation of the statute of limitations, unless it is in writing signed by the party to be charged; but this section shall not alter the effect of a payment of principal or interest.

Accordingly, "an acknowledgment or promise cannot be evidence of a new or continuing contract sufficient to bar application of the statute of limitations unless it is in writing." *Samples–Ehrlich v. Simon,* 876 P.2d 108, 110 (Colo.App.1994); *see Rossi,* 219 P.3d at 322. Furthermore, a "debtor's oral acknowledgment of an existing debt and the payee's forbearance based upon the debtor's lack of resources, standing alone, are not sufficient to invoke the doctrine of equitable estoppel." *Samples–Ehrlich,* 876 P.2d at 110.

Because defendant failed to produce a written instrument signed by plaintiffs acknowledging a delay in the payment of the promissory note, the district court correctly held that defendant's affidavit failed as a matter of law to raise a genuine issue of material fact precluding summary judgment.

### B. Judgment on the Pleadings

Defendant further contends that the district court erred in denying its motion for judgment on the pleadings. Because we have concluded that the counterclaim revival statute does not revive defendant's claims and the affidavit submitted raised no genuine issue of material fact, the district court was correct in granting summary judgment in favor of plaintiffs and denying defendant's motion. *See* C.R.C.P. 12(c); *City & County of Denver v. Qwest Corp.,* 18 P.3d 748, 754 (Colo.2001) (judgment on the pleadings is appropriate only if, based on the pleadings, the moving party is entitled to judgment as a matter of law); *see also Abts v. Bd. of Education,* 622 P.2d 518, 521–22 (Colo.1980) (in considering on appeal a motion for judgment on the pleadings, the court must construe the allegations of the pleadings strictly against the movant and must consider the allegations of the opposing party's pleadings as true).

### C. Attorney Fees on Appeal

Plaintiffs request attorney fees and costs on appeal under C.A.R. 38 and section 13–17–102, C.R.S.2010.

Section 13–17–102(2), C.R.S.2010, states:

[I]n any civil action of any nature commenced or appealed in any court of record in this state, the court shall award, by way of judgment or separate order, reasonable attorney fees against any attorney or party who has brought or defended a civil action, either in whole or in part, that the court determines lacked substantial justification.

An action lacks substantial justification if it is "substantially frivolous, substantially groundless, or substantially vexatious." § 13–17–102(4), C.R.S.2010. "[A]n appeal 'lacks substantial justification' and is 'substantially frivolous' under [section] 13–17–102(4) when the appellant's brief fails to set forth, in a manner consistent with C.A.R. 28, a coherent assertion of error, supported by legal authority." *Castillo v. Koppes–Conway,* 148 P.3d 289, 292 (Colo.App.2006).

Here, the issue presented by defendant was novel, and defendant argued a position not wholly devoid of legal merit or justification. Accordingly, we decline to award attorney fees but award plaintiffs costs in accordance with C.A.R. 39(a).

The judgment is affirmed.

Judge BERNARD and Judge FOX concur.